No. 32,074

CHESTER VOILES, *Appellee*, v. PROCTER & GAMBLE MANUFACTURING COMPANY, *Appellant*.

(41 P. 2d 723)

Opinion filed March 9, 1935.

*Fred Robertson, Edward M. Boddington* and *J. O. Emerson,* all of Kansas City, for the appellant.

*A. M. Etchen,* of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a workmen's compensation case. The commissioner denied compensation, and on appeal the district court allowed it. Respondent appeals.

The claimant was working for the Procter & Gamble Manufacturing Company. He testified that in the forenoon of December 22, 1933, he reached up for a box of Oxydol, weighing between forty and sixty pounds, and as he attempted to take it down he felt a pain in his back. He quit work. The plant shut down at noon that day and did not open for work until January 2. When the plant reopened claimant went back to work, but only did light jobs. He quit work on the 26th of March and has not been back. He testified that he still has pains in his back; that the pains interfere with his movements (he has to move in a certain way); it affected his left leg more than his right; the pain is in the small of the back. He filed his claim for compensation a few days before he quit work.

The commissioner of workmen's compensation found that while

claimant had disability it was due to focal infection and that the incident of December 22 was not of such a nature as to contribute to his disability. Compensation was denied. The district court heard the case on the record made before the commissioner and found that claimant had met with personal injury by an accident arising out of and in the course of his employment on December 22, 1933. The court found, as a result of the injury, defendant had suffered total disability, which would continue for an indefinite time. The award of the commissioner was set aside and claimant was awarded compensation at the rate of $10.80 for a period not exceeding 415 weeks, from March 23, 1934. The appeal is from that judgment.

Respondent argues the trial court erred because there was no substantial competent evidence (a) that the alleged accident occurred; (b) that what occurred was an accident within the meaning of the compensation law; (c) that claimant suffered disability from the alleged accident; (d) that claimant suffered the disability found by the court; (e) that any disability was suffered from any accident arising out of or in the course of the claimant's employment; (f) or that claimant suffered any disability.

As to subdivision (a) above, the claimant testified that he was injured while lifting the box of Oxydol down from a pile. This was ample evidence to justify the court in finding that an accident occurred. The circumstances pointed out and argued by respondent might very well have led the court to reach a different conclusion, but did not compel it. The same may be said of subdivision (b) above. The argument of respondent is directed to subdivision (c). There seems to have been no dispute but that claimant was disabled at the time of the hearing. Some of the doctor witnesses testified they found no evidence of a strain, but they did find diseased tonsils and infected teeth. They testified this caused his condition.

The doctor who testified for claimant testified his bending forward movement is limited, bending back is limited; that on bending his back to the right his back remains straight in the lumbar region, movement occurring only in the dorsal region. The doctor thought he had disability in his back; did not think claimant was able to perform manual labor on that day.

There was some evidence that the disability of claimant came from causes other than the diseased tonsils and teeth. The argu-

ment of respondent would mean the trial court was compelled to believe the evidence of the doctors who testified the condition of claimant was caused by the diseased teeth and tonsils. We cannot say that such is the law. At most, the evidence of the doctors was only an opinion. No one could state positively the disability of claimant came from the focal infection. On the other hand, the claimant testified the accident occurred, and that before that he was active, while after that he suffered and continued to suffer a disability. In view of such testimony we cannot say there was no evidence that plaintiff suffered disability from the accident. What has been said applies with equal force to the other subdivisions set out above.

Respondent complains because the court found the disability would continue for an indefinite period of time and awarded compensation payable weekly for the full length of time provided by the statute. The argument is that the court should have found the duration of the disability. The finding of the trial court that the disability would continue for an indefinite length of time amounted to a finding that the disability would continue for a period of time as long as the statute provides that payments should cover. The respondent has a right to have the award of compensation reviewed whenever he believes that claimant is no longer disabled.

The case is one where the trier of the facts has reached a conclusion from the record. There is ample evidence to sustain it, and this court cannot reach a different conclusion as to the facts. See *Gilliland v. Cement Co.*, 104 Kan. 771, 180 Pac. 793; *Harmon v. Larabee Flour Mills Co.*, 134 Kan. 143, 4 P. 2d 414, and cases cited.

The judgment of the trial court is affirmed.