No. 35,343

Harry R. Miller, Claimant, *Appellant*, v. K. S. Flint Rig Company, Respondent, The Associated Indemnity Corporation, Insurance Carrier, *Appellees*.

(122 P. 2d 734)

Opinion filed March 7, 1942.

*Everett L. Baker,* of Lyons, argued the cause, and *Frederick Woleslagel,* of Lyons, *J. H. Jenson* and *Paul Ward,* both of Hays, were on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan, C. A. McCorkle, Robert H. Nelson* and *Henry L. Butler,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This appeal is from a judgment in a workmen's compensation case.

Claimant was employed by the respondent as a rig builder. On September 2, 1940, he was engaged in tearing down a derrick and lifting out derrick legs which weighed 160 pounds. These derrick legs had to be lifted out of grooves. After working about three hours on that date, claimant noticed a pain in his right arm. Claimant laid off a couple of days and then returned to work for two days. His muscle grew soft and flabby, but after being off work for sometime it seemed to regain somewhat its normal shape and size. However, work would make it soft and flabby again and lose what it had gained. Claimant worked a few days in October and November with the same result, that his arm would get soft and flabby. Prior to September 2, 1940, claimant's arm had never bothered him, and he had been in excellent health. Claimant testified that he didn't slip, fall or stumble; that it was while he was working that he noticed the pain, and that there were no incidents when the weakness or pain started. He further testified that the arm was showing improvement in the last two weeks.

Claimant was treated by Dr. E. R. Hill who, by a process of elimination, the case not conforming to any diseased condition known, concluded that the cause of his condition was the result of a strain.

Dr. Fred J. McEwen examined claimant on February 18, 1941, and found the muscle power in the right arm definitely impaired. He gave as his conclusion that the claimant was suffering from some disease, probably a mild attack of anterior poliomyelitis or infantile paralysis.

Dr. Charles Rombold examined the claimant three times—on October 29, 1940, November 19, 1940, and January 16, 1941. He gave as his opinion that the claimant was suffering from muscular dystrophy, a disease the cause of which is not definitely known, but is definitely not related to infection nor to injury or trauma; that the only possible diagnosis that could have been made were muscular dystrophy or light attack of infantile paralysis.

Doctor Rombold testified as follows:

"Q. Assuming, Doctor, that Mr. Miller suffered a sprain of the muscles of the arm, would more than one of the muscles very likely have been affected, or would it have cleared up by the time you examined him? A. A single muscle is very often involved in a sprain but there are certain physical findings which are quite evident. When such a muscle is sprained, there is localized tenderness; there is swelling; there is pain on resisted motion; there is pain on function.

"Q. Did you make any such findings in this case? A. No, sir.

"Q. Isn't it true that ordinarily a sprain of a muscle with proper treatment will clear up within a short time? A. Yes, unless there has been considerable hemorrhage in that muscle, and if there has been considerable hemorrhage it may cause symptoms for a long period; but in that type of injury there is always palpable the mass surrounding the hemorrhage and frequently that mass becomes clacified, which can be easily seen. There is always pain localized in the area of tenderness when that condition exists.

"Q. And none of those symptoms appear here? A. No, sir."

The commissioner found:

"It is found from the evidence that the disability suffered by the claimant herein is not the result of an accidental injury arising out of and in the course of his employment with respondent, and compensation therefor should be denied."

On appeal a similar finding was made by the district court. This appeal followed.

The precise question now presented came before this court in *Meredith v. Seymour Packing Co.*, 141 Kan. 244, 40 P. 2d 325. The syllabus in that case reads:

"The record in a workmen's compensation case examined, and *held,* that the finding of fact by the compensation commissioner and approved by the trial court that claimant's incapacity did not arise out of nor in the course of his employment, and the consequent denial of claimant's demand for compensation, does not present a question of law for appellate review; and the supreme court has no jurisdiction to consider it."

In the case before us there was little dispute as to the facts. There was ample evidence to sustain the judgment of the district court. As this court has no jurisdiction to retry issues of fact, and as no question of law is presented for review, the appeal must be dismissed. It is so ordered.

Hoch, J., not participating.