No. 35,392

Jess B. Brown, *Appellant*, v. The Olson Drilling Company, and The Employers Liability Assurance Corporation, *Appellees*.

(124 P. 2d 451)

Opinion filed April 11, 1942.

*B. A. Earhart,* of Hutchinson, argued the cause for the appellant.

*William H. Vernon,* of Hutchinson, argued the cause, and *Roy C. Davis, Warren H. White, Frank S. Hodge* and *Eugene A. White,* all of Hutchinson, were on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is a workmen's compensation case. The commissioner heard the evidence and denied compensation. The trial court reviewed the evidence, heard the argument of counsel, and found "that any disability from which this claimant may be suffering is not the result of an accidental injury arising out of and in the course of his employment with this respondent, and award should be denied." The claimant has appealed.

Upon a showing of claimant's financial inability to defray the expenses of the litigation this court waived its rule respecting deposit for costs and the printing of abstracts and briefs. His counsel, with commendable industry and diligence, has presented on his behalf a complete abstract of record and brief.

Before the commissioner and the trial court respondents contended that the claim for compensation was not made within the time required by statute (G. S. 1941 Supp. 44-520a). The trial court held

in favor of claimant on that point, and since respondents have not appealed from that ruling we need give it no further attention.

Upon claimant's appeal facts only are argued. They need not be set out at length, for there is nothing we can do about the trial court's decision. It is not contended there is no substantial evidence to support the finding of the trial court. The gist of the argument on behalf of appellant is that.there is evidence upon which a finding could have been made favorable to claimant, and that the court gave too much credence to other evidence.

Under the statute relating to appeals to this court in compensation cases (see proviso in G. S. 1935, 44-556), the appeal is limited to "questions of law." This court has no authority to weigh conflicting evidence. That is the function of the trial court. (See *Earhart v. Wible Ice & Cold Storage Co.*, 150 Kan. 695, 698, 95 P. 2d 366; *Williams v. Cities Service Gas Co.*, 151 Kan. 497, 503, 99 P. 2d 822; *Johnson v. Voss*, 152 Kan. 586, 589, 106 P. 2d 648; *Miller v. K. S. Flint Rig Co.*, 155 Kan. 66, 122 P. 2d 734, and cases cited therein.)

The result is, there is no question of law presented for our determination, and the appeal must be dismissed. It is so ordered.

HOCH, J., not participating.