No. 35,845

MRS. OPAL CARRINGTON, ORVILLE NORRIS CARRINGTON, BILLY JOE CARRINGTON, MARLA JEAN CARRINGTON and STANLEY WAYNE CARRINGTON (Claimants), *Appellants;* THELMA MAUD CARRINGTON and R. J. CARRINGTON (Claimants), *Appellees,* v. BRITISH AMERICAN OIL PRODUCING COMPANY, HARBAR DRILLING COMPANY, RAY COFFEY, doing business as THE COFFEY DRILLING COMPANY, STANDARD ACCIDENT INSURANCE COMPANY, INSURERS INDEMNITY & INSURANCE COMPANY, and THE EMPLOYERS MUTUAL CASUALTY COMPANY (Respondents), *Appellees;* D. H. COOK & COMPANY and CASUALTY RECIPROCAL EXCHANGE (BRUCE DODSON) (Respondents), *Appellants.*

(138 P. 2d 463)

Opinion filed June 12, 1943.

*John Henry Lewis* and *S. R. Blackburn,* both of Great Bend, were on the briefs for appellants D. H. Cook & Company and Casualty Reciprocal Exchange.

*Harry G. Wiles,* of St. John, and *O. L. Barlow,* of Hominy, Okla., were on the briefs for appellants Mrs. Opal Carrington et al.

*George B. Powers,* of Wichita, argued the cause, and *John F. Eberhart* and *Foulston, Siefkin, Bartlett & Powers,* all of Wichita, were on the briefs for appellees British American Oil Producing Company and Standard Accident Insurance Company.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan, C. A. McCorkle, Robert H. Nelson* and *Henry L. Butler,* all of Wichita, were on the briefs for appellees Harbar Drilling Company and Insurers Indemnity Company.

*J. B. Patterson,* of Wichita, argued the cause, and *Hershberger, Patterson & Hook,* of Wichita, were on the briefs for appellees Coffey Drilling Company and The Employers Mutual Casualty Company.

*Evart Garvin,* of St. John, was on the briefs for appellees Thelma Maud Carrington and R. J. Carrington.

The opinion of the court was delivered by

HOCH, J.: This is a workman's compensation case growing out of the death of an oil-field worker. Claims were filed by two sets of claimants, and four companies or individuals were named as respondents. The commissioner and the district court, upon appeal, made an award in favor of both sets of claimants but against only one of the respondents. The respondent company against which the award was entered appealed on the sole ground that the judgment should also have been against one of the other respondents. It did not attack the award as far as the claimants were concerned. There is also a cross appeal—more accurately an independent appeal—by one set of claimants against the other set of claimants. The claimants do not complain that the award was against only one of the respondents.

Ralph N. Carrington, an experienced oil-field worker, was killed in an accident while working at a well in Stafford county, Kansas, on January 20, 1942. One application for compensation was filed by Opal Carrington, the widow, and her four minor children, and another by two minor children of the deceased by a former marriage—Thelma, aged 14, and R. J., aged 11, action being brought in their behalf by J. E. Wyatt, their grandfather and next friend.

In both applications four companies or persons and their insurance carriers were named as respondents. The principals were: (a) British American Oil Producing Company, which owned the oil and gas lease; (b) The Harbar Drilling Company, which had a contract with British American to drill a well; (c) Ray Coffey (Coffey Drilling Company), who had rented a "cable front," a piece of equipment, to Harbar for the purpose of drilling out the well plug; (d) D. H. Cook

& Company, a concern engaged in the business of servicing wells under certain conditions—particularly furnishing men and equipment for running tubes and rods after wells had been drilled.

It is agreed that all respondents were under the act, that the accident arose out of and in the course of the employment, and no complaint is made as to the amount of the award.

The trial court found—following substantially the findings of the commissioner—that the deceased was the employee of Cook & Company and was working for them when the accident occurred; that the other respondents were not liable; that both sets of claimants were dependent upon the deceased for support. An award of $4,000 was divided, $1,500 going to the widow, $2,000 to her four children, and $500 to the two minor children by the former marriage.

We first consider motions to dismiss Cook & Company's appeal. One such motion, by British American and Coffey, is based on three grounds: first, that appellant's abstract and brief were not timely served upon them; second, that appellant's abstract does not include a specification of errors complained of; and third, that no relief is asked against them and no issue presented concerns them. Another motion to dismiss, by Harbar, is based on the first and second grounds above stated.

We note briefly the first ground, asserted, for dismissal. No abstracts or briefs having been filed at the time this appeal was originally set for hearing in March of this year, respondents filed a motion to dismiss the appeal. The motion was overruled, the hearing set for May 5, and the appellants given until April 23 to serve copy of abstract and brief. Such copies were served on April 28, which was five days late. However, we prefer to pass to the third and more important ground for dismissal asserted by British American and Coffey.

Brief of appellant plainly shows that the only relief it seeks is against the Harbar Drilling Company. Its only complaint is that the court found it to be an independent contractor and sole employer of Carrington and refused to find that Carrington was also working, at the time of the accident, as a special employee of Harbar, the well drillers. Since no relief is sought against British American, owner of the oil lease, or against Coffey, who had rented some equipment to Harbar, and no question as to their liability is either briefed or argued, the appeal must be considered abandoned as to them and will be dismissed. (*Tawney v. Blankenship,* 150 Kan. 41, 45; 90 P. 2d 1111 and cases cited.)

We next consider the failure of appellant to comply with rule 5 of this court, which provides:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered." (153 Kan. XI.)

In the recent case of *Lambeth v. Bogart*, 155 Kan. 413, 415, 125 P. 2d 377, it was said:

"The rule (rule 5) has been printed repeatedly in various volumes of the Kansas reports. It is clear and is designed to promote definiteness, fairness and orderly procedure on appellate review. Specifically, its purpose is to advise both appellee and this court concerning the particular error, or errors, which appellant claims the trial court committed in rendering its judgment. All that the instant abstract contains is a notice that appellant appeals from the last judgment rendered. Of course, a notice of appeal does not constitute a specification of errors. It merely discloses that appellant objects to the judgment and that he appeals to this court."

While we have no dispostion to weaken the emphasis repeatedly placed upon the soundness of the rule and the need for its observance, it is only fair to say that in this case appellant's abstract and brief were filed and presumably served upon opposing counsel on the same day, and that the alleged errors complained of are stated in the brief. Accordingly, it cannot be said here as in some other cases that appellees were not actually apprised of the contentions which they would be called upon to answer. Without condoning appellant's failure to observe the rule, we shall consider the appeal upon its merits.

The lower court, trier of the facts, went thoroughly into the question of whether Cook & Company was an independent contractor and as such was the employer of Carrington, and whether Carrington was also at the time an employee, special or otherwise, of any of the other respondents. In extended findings of fact it reviewed the evidence, including the testimony of Mr. Cook, in charge of Cook & Company, and of Mr. Whipkey, who was one of their three employees working on the job when the accident occurred. We need not extend this opinion by inserting in full the court's findings. The conclusion was as follows:

"From the foregoing, this court is convinced that Tam Whipkey was the foreman, acting for Cook & Company, in the control of the unit Cook & Co. sent to work on this job, and that Tam Whipkey had full charge and control of this unit, which included the deceased, Ralph N. Carrington, and the court finds that Cook & Co. were in fact, independent contractors in the running of the tubes and rods in this well, and that Cook & Co. and their insurance car-

rier are liable for compensation to the dependents of the deceased, and the court finds that none of the other respondents are liable for compensation."

District courts, upon appeal from decisions of the compensation commissioner under the workmen's compensation act, weigh the evidence, but this court is limited, upon review, to questions of law (G. S. 1935, 44-556). Whether a finding is supported by evidence presents a question of law as distinguished from a question of fact. (*Williams v. Cities Service Gas Co.*, 151 Kan. 497, 503; 99 P. 2d 822, and cases there cited.)

The record, carefully examined, clearly discloses that the findings of the trial court, above stated, are abundantly supported by competent, substantial evidence. Under the rule frequently stated, that we do not weigh conflicting evidence (*Brown v. Olson Drilling Co.*, 155 Kan. 230, 231, 124 P. 2d 451, and cases there cited), it follows that the judgment holding Cook & Company liable and Harbar Drilling Company not liable, must be affirmed.

It may be noted, before passing to other questions, that appellants made no contention here that Harbar Drilling Company is liable under the provisions of G. S. 1935, 44-503, which relates to subcontracting, and nothing here said involves any interpretation of that section. Furthermore, as heretofore stated, the claimants took no appeal from the finding that Harbar Drilling Company was not also held liable and make no complaint about it.

We come to the independent appeal of Mrs. Opal Carrington and her four minor children. Appellants say that the only question presented is "whether or not under the workmen's compensation law the dependency of the two children by a former marriage of the deceased workman had a practical, substantial value sufficient to form the basis of the award of $500 to them." Out of the total award of $4,000 the widow was given $1,500 and each of her four children $500 apiece. They complain that the two minor children by a former marriage were awarded $250 apiece. This is essentially a "fact" case and we do not find it necessary to review at length the evidence upon which the trial court made its finding of dependency as to the two minor children by the former marriage. The facts—amply disclosed by the record—were succinctly stated by the court, as follows:

"Taking up the other question involved, to wit, whether or not Thelma Maud Carrington and R. J. Carrington, minors, are entitled to participate in the award. The court finds that the deceased Ralph N. Carrington and his

wife, Alta May Carrington, after they were married, had two children, namely, Thelma Maud Carrington, now 14 years of age, and R. J. Carrington, now 11 years of age; that Ralph N. Carrington and Alta May Carrington were divorced, and about the time of the divorce, Alta May and the deceased took their two children to J. E. Wyatt, the father of Mrs. Carrington, and stated that they wanted to leave the children with him, and that they would contribute to their support. Mr. Wyatt accepted the children and looked to Alta May and to Ralph Carrington for pay. He has taken excellent care of the children, was on friendly terms with the deceased Ralph N. Carrington, and the only reason he didn't receive any payment from Ralph N. Carrington, or sue Ralph N. Carrington for the support of the two children, was because up until the time Ralph N. Carrington was employed by Cook & Co., Wyatt knew that Carrington had no money with which to pay. J. E. Wyatt took excellent care of the children, and has been treating them as his own, and giving them the same care and support as he would have given his own children. The court finds that while Ralph Carrington never made any payment on his contract with Wyatt, Wyatt was supporting the children under an oral contract with Carrington, the father, and the children are therefore being supported on the credit of their father, Ralph N. Carrington."

The court further found that the widow and her children "were totally dependent upon the deceased workman for their maintenance and support, *as were also the two children by his former wife.*"

Appellants make much of the word "totally" used by the court as applied to the dependency of the two children by the former marriage, contending that in no event could these minor children be considered wholly dependent upon the deceased. A similar contention was made upon a state of facts substantially like what we have here, in the case of *Wade v. Scherrer & Bennett Const. Co.,* 143 Kan. 384, 54 P. 2d 944, and the contention rejected. In the opinion our statute was carefully analyzed and pertinent decisions of this and other jurisdictions thoroughly reviewed. We need not repeat what was there said.

The word "dependents" as defined in the workmen's compensation act (G. S. 1935, 44-508 [j]) "means such members of the workman's family as were *wholly or in part* dependent upon the workman at the time of the accident." (Italics supplied.) Independent of the oral agreement of the father—referred to in the court's findings—to help support the two children by the first marriage, a legal duty to do so rested upon him. There was ample testimony to support the finding of the dependency and an award of only $250 apiece for these minors, and under the rule heretofore stated the findings and judgment will not be disturbed.

It follows that (a) The appeal of Cook & Company must be dismissed as to the British American Oil Producing Company and its insurance carrier, the Standard Accident Insurance Company, and as to Roy Coffey, doing business as the Coffey Drilling Company, and his insurance carrier, the Employers Mutual Casualty Company; and (b) in all other respects the judgment must be affirmed. It is so ordered.