NORTH AMERICAN FINANCE CORPORATION, *Appellee,* v. CIRCLE-B, INC., et al., *Appellant.*

No. 40,069

STEFFEN DAIRY FOODS COMPANY, INC., *Appellee,* v. CIRCLE-B, INC., et al., *Appellant.*

(299 P. 2d 576)

Opinion filed June 30, 1956.

*Roy S. Trail, John E. Lancelot* and *Garner E. Shriver,* all of Wichita, were on the briefs for the appellant.

*Charles L. Davis, Jr.,* of Topeka, argued the cause, and *Howard A. Jones, William E. Haney* and *Ted R. Morgan,* all of Topeka, and *Everett C. Fettis, Keith M. Curfman* and *Robert C. Allan,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: These are appeals from an order denying motions of appellee Steffen Dairy Foods Company, Inc., and appellant Circle-B, Inc., to confirm the sale of real property ordered sold in a mortgage foreclosure proceeding. Since each appeal is from the same order denying confirmation, they were ordered consolidated in this court.

On November 15, 1952, Steffen Dairy Foods Company, Inc. (hereafter referred to as Steffen Dairy), instituted an action to foreclose its first mortgage covering the real estate involved. A few days later appellee United Finance and Thrift, a corporation, successor to North American Finance Corporation (hereafter referred to as North American), instituted a separate action to foreclose its second

mortgage lien on the same real estate. The trial court consolidated North American's action with the Steffen Dairy action and tried the issues in one case. Additional junior lien holders were joined in the action together with the appellant, Circle-B, Inc., who was the owner of the real estate involved but not the maker of any of the mortgages. Judgment decreeing foreclosure was entered December 17, 1954. The real estate was advertised for sale and sold June 8, 1955, to Steffen Dairy for the sum of $15,218.38, the full amount of its first mortgage, interest, taxes and costs. Steffen Dairy filed its motion to confirm the sale and North American filed objections to the confirmation on the grounds that the sale price was grossly inadequate, and offered to tender into court a sum in excess of $20,-000 as a fair and reasonable price for the real estate. The appellant, Circle-B, Inc., filed a motion to confirm the sale, and for an order overruling the objections to the confirmation filed by North American.

On June 30, 1955, the trial court sustained North American's motion objecting to the confirmation, and overruled the motions of Steffen Dairy and Circle-B, Inc., to confirm the sale. Circle-B, Inc., has appealed from the order denying confirmation.

North American appeared and argued these appeals; the appellant did not. Sometime prior to the argument North American filed a motion to dismiss the appeals on the grounds that the appellant's brief, which was ordered by this court to be filed by May 1, 1956, was not received by counsel for appellee until May 21, 1956, and further, that appellant failed to include specifications of error in its abstract of record in volation of Rule No. 5 of this court.

The contention of North American cannot be ignored. This court has repeatedly held that the purpose of Rule No. 5 of the Supreme Court, which, in part, reads:

". . . The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered. . . ." (174 Kan. XI; G. S. 1949, 60-3826 Rules of the Supreme Court No. 5, effective July 1, 1953.)

is for the benefit of the Bench and Bar alike, and is designed to promote definiteness, fairness and orderly procedure of litigation on appellate review. It is to advise both the appellee and this court concerning error or errors, which appellant claims were committed by the trial court when it rendered its judgment.

Error is never presumed and it is incumbent upon the party complaining to indicate wherein error was committed. Although an ap-

peal may be timely perfected, error or errors complained· of must be specified and briefed in conformity with the published rules of the court, to obtain appellate review.

Here, the record contains no specifications of error and is in violation of Rule No. 5. North American cites authorities only in support of its motion to dismiss the appeals—no doubt, for the reason that it was not advised what errors appellant contends the trial court committed.

Following repeated warnings to attorneys for litigants, this court, in 1940, in *Biby v. City of Wichita*, 151 Kan. 981, 983, 101 P. 2d 919, announced its future intention to require compliance with Rule No. 5 when it said:

". . . It *is* not, however, for appellants to decide whether harm will result from noncompliance. With considerable hesitancy, we again overlook the omission for the reason that the appellee appears to have fully understood the issue raised by the appeal. We will consider the case on·its merits. It may be well to say here, however, that the next appellants who disregard the rule may not fare sò well. The court may be forced to the conclusion that the only way to impress counsel with the importance of compliance is to rigidly enforce the rule." (l. c. 983.)

Subsequently, this court pointed out that there is no substitute for the specifications of error and that an assignment or specification of error that states only the trial court erred does not suffice. (*Lambeth v. Bogart*, 155 Kan. 413, 415, 125 P. 2d 377.) In this case it was said:

"We have repeatedly ruled that even an assignment of error which merely alleges the trial court erred in rendering the judgment does not present any specific question for review. (*Fagerberg v. Johnson*, 48 Kan. 434, 29 Pac. 684; *Lumber Co. v. Smith*, 84 Kan. 190, 114 Pac. 872; *Heniff v. Clausen*, 154 Kan. 716, 121 P. 2d 196.) Such an assignment, when actually made, amounts to nothing more than a statement that the judgment is wrong. It specifies no particular error and presents nothing for review.

"The rule requires that the specification of errors complained of be set forth and numbered in the abstract. Here there was no compliance with the rule in appellant's abstract or original brief. It was not until appellee filed her brief and argued the case as well as she was able to argue it, in view of appellant's general objection to the judgment, that appellant even attempted to comply with Rule No. 5, in a reply brief. Manifestly, such late attempted compliance with the rule, if otherwise held to be sufficient, did not give appellee the intended notice of alleged errors to which she was properly entitled. The record before us requires that the appeal be dismissed. In view of that conclusion it manifestly would be inappropriate to discuss any of the contentions made on the attempted appeal. We may, however, say that as a matter of justice and fairness between the parties, assuming the trial

court had jurisdiction to render the last judgment, it would appear appellant would have little, if any, ground for complaint on appeal. . . ." (1. c. 415.)

By the year 1943, this court was disposing of this question peremptorily. (See, *Hall v. Eells*, 157 Kan. 551, 142 P. 2d 703; *Topping v. Tuckel*, 159 Kan. 387, 155 P. 2d 427.)

In 1950, this court pointed out how attorneys had failed to heed the court's warning when Justice Parker, in *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, said:

"In at least two of our later cases (See *Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377; *Hall v. Eells*, 157 Kan. 551, 142 P. 2d 703), appeals were dismissed for failure to comply with its requirements.

". . . Much to our regret, despite criticisms for failure to observe it and studied warnings as to the probability of its application in the future (See *Biby v. City of Wichita*, 151 Kan. 931, 101 P. 2d 919; *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 104, 138 P. 2d 463; *Federal Farm Mortgage Corp. v. Bolinger*, supra; *Shannep v. Strong*, 160 Kan. 206, 211, 160 P. 2d 683; *Hamilton v. Binger*, 162 Kan. 415, 419, 176 P. 2d 553), our leniency of the past has not accomplished what we had hoped for. Instead of reducing violations to a minimum it has increased them with the result that far too frequently we are forced into the intolerable situation of giving more consideration to appellants who disregard the rule than we can to appellants who observe it and are limited to the legal questions raised by their specificatoins of error. On that account, and since the need for Rule 5 far exceeds any possible reasons for its renunciation, we have concluded the time has come when its requirements should be rigidly enforced. It therefore follows that appellees' challenge of appellants' right to be heard in the instant appeal must be sustained.

". . . We anticipate the possible suggestion that in view of past exceptions our newly announced policy of strict adherence will work a hardship upon these appellants. The obvious answer is that the publicized rules of this court are made to be complied with and that those who take chances and elect to disregard them cannot be heard to complain when they are enforced. . . ." (1. c. 546, 547.)

This court is firmly committed to the rule that when a party's right to be heard on appeal is challenged on the grounds of non-compliance with Rule No. 5 of this court, and it appears from the record he has made no attempt to comply with it, his appeal will be dismissed (*Biby v. City of Wichita*, supra; *Lambeth v. Bogart*, supra; *Hall v. Eells*, supra; *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 138 P. 2d 463; *Topping v. Tuckel*, supra; *Dupont v. Lotus Oil Co.*, supra; *Miller v. Rath*, 173 Kan. 192, 244 P. 2d 1213; *Gilley v. Gilley*, 176 Kan. 61, 268 P. 2d 938; *Quick, Receiver v. Purcell*, 179 Kan. 319, 295 P. 2d 626).

These appeals are dismissed.