No. 40,889

EARL FORD, *Appellant*, v. ALBERT MORRISON and LOUISE M. MORRISON, d/b/a MORRISON WRECKING COMPANY, *Appellees*.

(324 P. 2d 140)

 Opinion filed April 12, 1958.

*Donald L. Randolph*, of Kansas City, Missouri, argued the cause, and *James H. Barnes*, of Kansas City, was with him on the briefs for the appellant.

*Walter Fuller, Jr.*, of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation proceeding.

The case comes to this court on a notice of appeal reciting that claimant appeals from the order and judgment of the district court entered on June 13, 1957, against him and in favor of the respondents.

Following perfection of the appeal claimant filed a short abstract, consisting of three pages, with the clerk of this court. This was followed by his brief containing five printed pages. Thereafter, and several weeks before oral argument, respondents filed their brief consisting of a motion to dismiss the appeal, argument in support of that motion including authorities relied on, and a short brief touching several claims of error raised by claimant.

At the outset, in their brief and on oral argument, respondents challenge the right of claimant to be heard on the basis established decisions of this court require a dismissal of claimant's appeal because of his failure to comply with particular requirements of its Rule No. 5 (see 177 Kan. xɪ; G. S. 1949, 60-3826, "Rules of the Supreme Court") which, so far as here important, read:

"In appealed cases the appellant shall print an abstract of the record which shall reproduce such portions thereof as it is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose . . . The appellant's abstract shall include a specification of the errors complained of separately set forth and numbered . . ."

In view of the challenge thus made by respondents it becomes obvious that if they are correct in their position with respect to claimant's failure to comply with the foregoing rule, in the particulars noted, and the force and effect of our decisions in the event of such a failure, this case can and should be disposed of without burdening our reports with a statement of the facts, events and circumstances leading up to the institution of the compensation proceeding or its disposition in the court below. We therefore turn directly to the question whether, under the existing facts and circumstances, the merits of the cause are subject to appellate review.

From a careful examination of the record it appears that claimant has neither printed an abstract of the record which reproduces such portions thereof as it is necessary to read in order to arrive

at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose, nor has he included in the abstract or his brief a specification of the errors complained of on which he relies as grounds for reversal of the judgment. Indeed the last mentioned violation of the rule is frankly conceded. Moreover, it is clear he made no attempt to conform with either of the requirements of such rule after his right to be heard on appeal was challenged on grounds of noncompliance with its terms and conditions.

Resort to applicable decisions of this court reveals there can no longer be any question respecting the disposition of an appeal in this jurisdiction when, under conditions and circumstances such as have been heretofore related, the right of a party seeking appellate review of a trial court's judgment is challenged by a motion to dismiss the appeal on grounds here involved.

Our last pronouncement on the subject, under similar facts and circumstances, is to be found in *North American Finance Corporation v. Circle-B, Inc.,* 180 Kan. 34, 299 P. 2d 576, where it is stated:

"Where a party's right to be heard on appeal is challenged on the grounds of noncompliance with Rule No. 5 of the Supreme Court (174 Kan. XI; G. S. 1949, 60-3826), and it appears from the record he has made no attempt to comply with it, his appeal will be dismissed." (Syl. ¶ 3.)

And in the opinion said:

"This court is firmly committed to the rule that when a party's right to be heard on appeal is challenged on the grounds of noncompliance with Rule No. 5 of this court, and it appears from the record he has made no attempt to comply with it, his appeal will be dismissed (*Biby v. City of Wichita,* supra; *Lambeth v. Bogart,* supra; *Hall v. Eells,* supra; *Carrington v. British American Oil Producing Co.,* 157 Kan. 101, 138 P. 2d 463; *Topping v. Tuckel,* supra; *Dupont v. Lotus Oil Co.,* supra; *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213; *Gilley v. Gilley,* 176 Kan. 61, 268 P. 2d 938; *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626)." (p. 37.)

We are neither inclined nor disposed to again labor the reasons responsible for the enunciation and application of the rule of the foregoing decision, or the cases therein cited, to which we adhere. It suffices to say they have been considered and discussed on many occasions in our decisions. See, *e. g., North American Finance Corporation v. Circle-B, Inc.,* supra; *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626; *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213; *Dupont v. Lotus Oil Co.,* 168 Kan. 544, 213 P. 2d 975; *Lam-*

*beth v. Bogart,* 155 Kan. 413, 125 P. 2d 377; *Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919.

In conclusion it should be stated we have not overlooked, but rejected, a suggestion made by claimant, which is not strenuously urged, to the effect Rule No. 5 of this court and the decisions construing its force and effect have no application to a workmen's compensation action. G. S. 1955 Supp. 44-556 (now G. S. 1957 Supp. 44-556) authorizing appeals to this court from a judgment of the district court in such a proceeding expressly provides that when such an appeal reaches this court it shall be prosecuted in like manner as other appeals in civil cases.

What has been heretofore stated and held requires that the instant appeal be dismissed.

It is so ordered.

JACKSON, J., not participating.