No. 41,172

RALPH V. RITTER, *Appellant, v.* FLUOR CORPORATION, LTD., and CONTINENTAL CASUALTY COMPANY, *Appellees.*

(332 P. 2d 589)

Opinion filed December 6, 1958.

B. A. *Earhart,* of Hutchinson, argued the cause, and *Aubrey V. Earhart,* also of Hutchinson, was with him on the brief for appellant.

*Robert C. Martindell,* of Hutchinson, argued the cause, and *Donald C. Martindell, William D. P. Carey, Edwin B. Brabets, Robert J. Gilliland, John F. Hayes, C. William Miller* and *Elwin F. Cabbage,* all of Hutchinson, were with him on the brief for appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is a workmen's compensation case growing out of injury sustained by a construction worker. The district court adopted the findings and award of the commissioner which gave the claimant "7.57 compensable weeks temporary total disability, at the rate of $32 a week, in the sum of $242.24, of which amount $210.24" had been paid at the time of trial. The respondent and insurance carrier were ordered to pay the balance of $32.00 in one lump sum.

The case comes to this court on a notice of appeal reciting that the claimant appeals from the decision of the district court entered on the 25th day of February, 1958.

The underlying issue on the merits, if the appeal is here, is the extent of claimant's disability.

The abstract consists of 14 pages made up of selected portions of verbatim testimony of various witnesses and includes the brief memorandum opinion of the district judge. The brief, which consists of three and one-half pages of argument and a few citations,

followed the abstract. There are no specifications of error and the brief contains no statement of the questions involved.

Appellees challenge the right of the appellant to be heard upon the following grounds:

1. Failure to comply with Supreme Court Rule No. 5 (see 177 Kan. xi; G. S. 1949, 60-3826, "Rules of the Supreme Court") in two respects:

(a) Appellant's abstract does not include a specification of errors complained of, separately set forth and numbered.

(b) Appellant's abstract does not reproduce such portions of the record as it is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose.

2. Appellant's brief does not comply with (a), (b) and (c) of paragraph (3) of Rule No. 6 of the Supreme Court.

A careful examination of the record as abstracted and the brief of the appellant disclose that each of the foregoing reasons is sound and requires a dismissal of this appeal.·

Failure to comply with Rule No. 5 of the Supreme Court, which requires that the abstract of the appellant shall include a specification of the errors complained of, separately set forth and numbered, has been before this court on numerous occasions. It is now established that an appeal will be dismissed unless there is compliance with this rule. (*Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626; *North American Finance Corporation v. Circle-B, Inc.,* 180 Kan. 34, 299 P. 2d 576, and cases cited in these opinions.) The foregoing cases undertake a complete discussion of this point and give the specific reasons for the rule. Further elaboration is unnecessary. These decisions control the disposition of this appeal.

This rule is now applicable in workmen's compensation cases. (*Ford v. Morrison,* 182 Kan. 787, 324 P. 2d 140; and see *Carrington v. British American Oil Producing Co.,* 157 Kan. 101, 138 P. 2d 463.) In fact, the opinion in *Ford v. Morrison,* supra, might well be adopted as the opinion here since the factual situation is almost identical.

Concerning noncompliance with Rule No. 6 (3) this court in *Tri-State Hotel Co., Inc., v. Southwestern Bell Telephone Co.,* 155 Kan. 358, 125 P. 2d 728, said in paragraph 1 of the syllabus:

"Counsel for appellant should comply with rule 6 (3) of the court which requires a statement of the legal questions involved. To ignore the rule makes difficult the work of this court, also the work of counsel for appellee."

Even if the appellant were here on his appeal, a decision on the merits of the case would be unavailing to him.

Appellant states in his brief: ". . . the disregard of Appellant's testimony is a very flagrant case of abuse of not considering the evidence." This is the only language indicative of the question appellant seeks to present. We interpret appellant's position to be that the failure of the trial court *to give weight* to the testimony of the *claimant and his wife* was an abuse of discretion.

In substance the claimant and his wife testified that claimant's injuries resulted in permanent partial disability. Dr. George E. Paine testified that he released the claimant to work on August 8, 1955, and also treated him "thereafter at a later date in December of that year, or possibly the following year, on a personal matter." When the claimant was first examined by the doctor for the injuries covered by the workmen's compensation act his condition was diagnosed as multiple fractures of the ninth, tenth, eleventh and twelfth right ribs; contusion of the right lower chest, the anterior aspect and lateral; and contusion of the right abdomen and flank with contusion of the right kidney with hemorrhage. After approximately ten days of hospitalization he was dismissed on June 18, 1955, and later on the 8th day of August, 1955, claimant was discharged. The doctor testified that at that time "I considered him recovered from his injuries with no disability." At the time of claimant's subsequent visit to the doctor he had no complaint of kidney ailment or discomfort from the ribs. He was complaining of his back which, after X-ray, disclosed he had some arthritis of the spine, claimant being approximately 63 years of age at that time.

The only conclusion to be drawn from the evidence presented in the abstract *and counter abstract* is that *there was competent evidence to support the findings* of the district court that claimant failed to establish any permanent partial disability due to the accident of June 9, 1955. The law on this point is stated with clarity in *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259, as follows:

"Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's com-

pensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact . . ." (pp. 259, 260.)

See, also, cases cited in Hatcher's Kansas Digest [Rev. Ed.], Workmen's Compensation, § 153.

Appellant relies on *Voiles v. Procter & Gamble Mfg. Co.*, 141 Kan. 451, 41 P. 2d 723, by quoting the following portion thereof:

". . . The argument of respondent would mean the trial court was compelled to believe the evidence of the doctors who testified the condition of claimant was caused by the diseased teeth and tonsils. We cannot say that such is the law. At most, the evidence of the doctors was only an opinion. No one could state positively the disability of claimant came from the focal infection. On the other hand, the claimant testified the accident occurred, and that before that he was active, while after that he suffered and continued to suffer a disability. In view of such testimony we cannot say there was no evidence that plaintiff suffered disability from the accident. What has been said applies with equal force to the other subdivision set out above." (pp. 452, 453.)

It is readily apparent from the opinion this court was there concerned with evidence tending to support the findings made by the trial court. The *Voiles* case simply holds that the trial court is *not compelled to believe and accept the testimony of doctors* who testify in a workmen's compensation case where there is other testimony to the contrary.

Further answer to appellant's argument on this point is found in *Fair v. Golden Rule Refining Co.*, 134 Kan. 623, 7 P. 2d 70, a workmen's compensation case. At page 629 of that opinion it was stated:

"There is another reason why this case must be reversed. The trial court, in effect, found preponderance of the evidence to be against plaintiff, and yet rendered judgment in his favor. This was clearly erroneous. The decision should have been in accordance with the preponderance of the evidence. No other rule could be invoked with safety. Neither is it safe to disregard other evidence, and rely upon that of the claimant."

It must be concluded that even had appellant properly presented his appeal to this court, the trial court did not err in the judgment it entered.

Appellant having failed to properly present his appeal in accordance with the rules of this court, the appeal should be and hereby is dismissed.

WERTZ and ROBB, JJ., concur in the result.