No. 20,298.

ALBERT W. TAYLOR, *Appellee*, v. THE SULZBERGER & SONS
COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Adult Married Son—Not a Member of His Mother's Family*. An adult son married and living with his wife and children, separate from his mother, is not a member of such mother's family within the meaning of the workmen's compensation act (Laws 1913, ch. 216, § 4).

2. SAME — *"Dependents" within Workmen's Compensation Act*. It is not the purpose or policy of the statute to continue compensation to a dependent minor after reaching the age of eighteen years unless physically and mentally incapable of earning wages, or to award compensation to an adult married son, the head of a family living separate from that of his mother, who from her wages as an employee made small contributions towards his support, he being physically and mentally capable to earn and actually earning fair wages.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 6, 1916. Reversed.

*T. F. Railsback, W. S. Hogsett,* and *Murat Boyle,* all of Kansas City, Mo., for the appellant.

*W. W. McCanles, H. F. Gorsuch,* both of Kansas City, and *S. N. Hawkes,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment for one thousand dollars rendered in favor of the plaintiff under the workmen's compensation act. The mother of plaintiff lost her life at the age of sixty-two. For several years she had worked at times in the defendant's packing house, having charge of the girls' dressing room, and the evidence showed that she had contributed to the plaintiff about two dollars and seventy-five cents a week on the average, being about two dollars a week when he had work, and about three dollars a week when he was without employment. The jury found that during the two years immediately preceding her death the employee earned $430. One of the amounts testified to as having

been her average weekly earnings was $9.66. Other and different sums, including $3.98, were named. When his mother died the plaintiff was twenty-six years old and living not with her, but married and living with his wife and two children. Some years before this he had been earning $60 a month, but having become afflicted with a hernia, he had since that worked desultorily, earning at divers occupations various sums ranging from two dollars a day at one task, ten to twelve and a half cents a roll for hanging paper, fifteen to seventeen and a half cents an hour for singeing hams, and seventeen and a half to twenty cents an hour for running a press.

Among the points presented by the appeal the most prominent are those touching the plaintiff's right to recover in view of his age, his headship of a family and his ability to earn wages. The statute defines dependents as—

"Such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. And 'members of a family' for the purpose of this act means only widow or husband, as the case may be, and children; or if no widow, husband or children, then parents and grandparents, or if no parents or grandparents, then grandchildren; or if no grandchildren, then brothers and sisters. In the meaning of this section parents include step-parents, children include step-children, and grandchildren include step-grandchildren, and brothers and sisters include step-brothers and step-sisters, and children and parents include that relation by legal adoption." (Laws 1913, ch. 216, § 4.)

By the amendment of the act of 1913, the following sentence was placed in the body of section 11 of chapter 218 of the Laws of 1911:

"Marriage of any dependent shall terminate all compensation of such dependent, but shall not affect compensation allowed other dependents; when any minor dependent, not physically or mentally incapable of wage earning shall become eighteen years of age, such compensation shall cease." (Laws 1913, ch. 216, § 5.)

In the workmen's compensation act of California is found this language:

"The following shall be conclusively presumed to be wholly dependent for support upon a deceased employee: . . .

"(3) A child or children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning) upon the parent with whom he or they are living at the time of the death of such parent or for whose maintenance such parent was legally liable at

Taylor v. Sulzberger & Sons Co.

the time of his death, there being no surviving dependent parent." (Stat. and Amendments to the Codes, Cal. 1913, ch. 176, § 19, 2 Bradbury's Workman's Compensation, 2d ed., p. 1084.)

Language substantially identical or quite similar is found in the compensation acts of the following states, the ages being variously fixed at sixteen and eighteen years:

Connecticut Public Acts, 1913, ch. 138, § 10; Iowa, Laws 1913, ch. 147, § 17; Michigan Public Acts, 1912, First Extra Session, No. 10, part 2, § 6; Minnesota, Laws 1913, ch. 467, § 14; Nebraska, Laws 1913, ch. 189, § 24; Nevada, Statutes of 1913, ch. 111, § 26; Ohio, Laws 1913, §§ 1465-82, § 35, subdiv. 4 (B), p. 87; Oregon, Gen. Laws 1913, ch. 112, §§ 14-21; Rhode Island Public Laws, 1911-1912, ch. 831, art. 2, § 7; Washington, Laws 1911, ch. 74, § 3; West Virginia, Acts of 1913, ch. 10, § 33; Wisconsin Statutes, 1911, §§ 2394-10, subdiv. 3 (c).

The Minnesota statute provides that in case of the remarriage of a widow without children she shall receive a lump-sum settlement equal to one-half of the amount of compensation remaining unpaid. If she have dependent children the unpaid balance which would otherwise become due her shall be paid to such children. (Minn. Laws 1913, ch. 467, § 14, subdiv. 9.) It is provided in subdivision C of section 34 that a dependent child or orphan shall be considered to mean an unmarried child under the age of eighteen years or one over that age who is physically or mentally incapacitated from earning.

The Nevada act (§ 30) is to the effect that upon the marriage of a widow she shall receive "once and for all" a certain lump-sum allowance, provided the allowance shall be made by the commission for the support of minor children under the age of sixteen years.

The New Jersey act (Laws of N. J. 1913, ch. 174, § 2, subdiv. 12), provides that should the widow of a deceased employee remarry during the period covered by the weekly payments, her right to compensation under this section shall cease.

The New York statute (Laws of N. Y. 1914, ch. 41, art. 2, § 16, subdiv. 2) provides that if there be a surviving wife (or dependent husband) and no child of the deceased under the age of eighteen years, a certain sum shall go to the surviving wife during widowhood (or dependent widowerhood), with two years' compensation in one sum upon remarriage, and an additional amount in case there be surviving child or children of the deceased under the age of eighteen years; that in case

of subsequent death of such surviving wife or dependent husband, any surviving child of the deceased employee under eighteen years of age shall have his compensation increased to a certain named amount, payable until he shall reach the age of eighteen years. The Washington act has a somewhat similar provision in its compensation schedule, found in section 5 (Wash. Laws 1913, ch. 148, § 5).

This legislation indicates a somewhat common purpose to shut off compensation to minor dependents when they reach the age of sixteen or eighteen years and are capable of earning wages, and to regard marriage as a sufficient cause for withholding further compensation from a dependent widow or minor child. It is clear that by the amendment of 1913 the legislature intended that a dependent minor not physically or mentally incapable of wage earning shall receive no compensation after becoming eighteen years of age, whether married or single. While the jury in answer to the question, "Do you find that the plaintiff, Albert W. Taylor, has earned wages since the time of his rupture?" answered "No evidence," such an answer was in direct conflict with the undisputed testimony of the plaintiff himself as already indicated. Although the statute makes provision for partial dependency, the amendment in question seems to make no distinction between total and partial incapability, and certainly one who for years has been able to make the sums testified to by the plaintiff can not be said to be "physically or mentally incapable of wage earning." Indeed, it does not appear that even since receiving his injury he has not been practically able to support his family by his earnings. As this would preclude his recovery if a minor, it would violate the plain spirit, if not the letter of the statute, to hold him entitled to compensation merely because already of full age. So absurd and unnatural a result can not be deemed to have been intended by the lawmakers.

It is argued that his marriage could not terminate the compensation, as it preceded not only the death of the employee, but the enactment of the statute, and with strict logic it is suggested that "a thing can not be terminated until it has some existence. Compensation can not be terminated until the right to the compensation accrues." But lawmakers are frequently

more practical than logical. Counsel say the law would become an absurdity were it so construed as to prevent an aged father and mother dependent upon an only son for support from receiving compensation in case of the death of that son. But we do not thus construe it.

It may well have been within the legislative contemplation that a dependent daughter would upon marriage cease to be under the necessity of receiving aid, but would presumptively receive support from her husband, and that a dependent son who should see fit to take unto himself a wife and become the head of an independent family would be able to support a wife, and therefore no longer dependent upon the benefactions of the compensation act. But it could not well have been the purpose to extend the benefactions of the act to adult married wage earners like the plaintiff.

To a certain extent this statute, although for compensation only, takes the place of the statute authorizing a recovery of damages for death by wrongful act (Civ. Code, §§ 419, 420), substantially a reënactment of Lord Campbell's Act. This provides that the recovery must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. It is stated in 2 M. A. L. 479 that—

"The determination of the question as to who are 'dependents' of a deceased workman seems to rest on substantially the same principles as those involved in ascertaining who are the beneficiaries under 'Lord Campbell's Act.'"

The requirement that the dependents be members of the workman's family, and the declaration that members of a family mean primarily only widow or husband and children, naturally suggest the ideas of a common rooftree as well as a common lineage. But the definitions of the word family as used in statutes relating to divers subjects and as found in the books are so different that authorities may be found for almost any conceivable desired signification.

Without attempting to decide what the word as used in the compensation act does mean, we hold that the family of the mother does not mean and include an adult married son living with his wife and children separate and apart from his mother.

For the two reasons that the plaintiff was not, within the meaning of the compensation act, a member of his mother's family, and that he was not mentally or physically incapacitated from earning wages, he is not entitled to recover. This conclusion renders needless the decision of the other questions presented.

The judgment is reversed, and the cause remanded with directions to enter judgment for the defendant.