No. 25,694.

WILLIAM McCORMICK and FLOYD McCORMICK, Minors, by their Guardian, DOROTHY McCORMICK, *Appellees,* v. THE CENTRAL COAL & COKE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Compensation Must Be Apportioned Among Dependents According to Dependency.* The compensation payable under the workmen's compensation act to dependents of a deceased workman, when apportioned among them must be apportioned according to the dependency of the respective dependents, as the facts show that to be. Such apportionment is not controlled by the law of decents and distribution.

2. SAME—*Liability of Employer to Pay Compensation Fixed By Injury of Workman—Apportionment to Dependents May Be Modified.* The obligation of the employer to pay compensation, the amount to be paid, and of the dependents, considered jointly, to receive it, is fixed by the injury and death of the workman, but apportionment of compensation among the dependents, if made, may be modified when changed conditions require it.

3. SAME. The employer is not concerned with the question of the apportionment of compensation among dependents wholly dependent.

4. SAME—*Marriage of One Dependent—Rights of Other Dependents Not Affected Thereby.* Marriage of a dependent causes such person to cease to be a dependent, but this does not affect the right of other dependents, wholly dependent, to receive the full amount of the compensation.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed February 7, 1925. Affirmed.

*C. O. Pingry, P. E. Nulton,* and *G. L. Stevenson,* all of Pittsburg, for the appellant.

*Phil H. Callery, J. E. Callery, Sylvan Bruner,* and *Caroline A. Lowe,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is a workman's compensation case. H. E. McCormick while working for the Central Coal and Coke Company, and both operating under the workman's compensation act, was accidentally killed May 25, 1920. He left a widow and two sons, ages respectively six years and six months. His wages were such that his dependents were entitled to the maximum compensation, $3,800. No proceedings in court or by arbitration were had to determine the amount of compensation, the dependents to whom it should be paid, nor for the apportionment of the payments among dependents. By agreement between the employer and the widow for herself, and as guardian for the children, payments were made at the rate of $15 per week. These payments continued until October 17, 1922, making total payments of $1,875 (of which $240 had been paid to the widow personally after her remarriage). At that time the employer ceased paying compensation, for the reason that it learned that the widow had remarried in April, 1921. In June, 1923, the children, by their guardian, filed an application in the district court for the appointment of an arbitrator for the purpose of settling and adjusting their claim for compensation against the employer. An arbitrator was appointed, to whom all questions as to the rights of plaintiffs for compensation were referred. The hearing before the arbitrator was upon an agreed statement of facts embodying the matters above stated, and it was specifically agreed that the arbitrator should make findings as to who were and are the dependents of H. E. McCormick, and the amount of compensation respectively due to each of such dependents.

The arbitrator found that a fair division of the compensation between dependents at the time of H. E. McCormick's death is that

each should receive one-third of the compensation; that the share of the compensation which the two children should receive was $2,533.33, two-thirds of the total compensation payable; that of this sum there had been paid to their mother for them $1,645, leaving the balance unpaid to the minor children of $888.33; that because no payments had been made since October, 1922, a part of that was due, which should be paid in a lump sum, and the remainder should be paid at $10 per week; that the payment of the share of the widow ceased on her remarriage, and that the portion of the widow's one-third, unpaid at the time of her remarriage, should not be paid to anyone.

Upon a review of this award in the district court, the court held that defendant should receive credit for all money paid by way of compensation, being the total sum of $1,875; that the part thereof paid after the marriage of the widow should be construed as having been paid to her for the benefit of the children, and that the children are entitled to receive all of the unpaid portion of the compensation, namely, $1,925, at the rate of $15 per week from October, 1922. The sum unpaid up to the time of the hearing was awarded in a lump sum and the balance to be paid $15 per week. Judgment was entered accordingly. From this judgment the Central Coal and Coke Company has appealed.

In a case such as this the rights of dependents to compensation is governed by the statute. (*Shade v. Cement Co.,* 92 Kan. 146, 139 Pac. 1193, 93 Kan. 257, 144 Pac. 249; *McRoberts v. Zinc Co.,* 93 Kan. 364, 144 Pac. 247; *Moeser v. Shunk,* 116 Kan. 247, 251, 226 Pac. 784.)

The pertinent portion of the statutes necessary to be specifically considered in determining the questions presented on this appeal are as follows:

"'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means only widow or husband, as the case may be, and children; or if no widow, husband, or children, then parents or grandparents; or if no parents or grandparents, then grandchildren; or if no grandchildren, then brothers and sisters. In the meaning of this section parents include step-parents, children include step-children, and grandchildren include step-grandchildren, and brothers and sisters include stepbrothers and stepsisters, and children and parents include that relation by legal adoption. *In the meaning of this section a widow shall not be regarded as a dependent of a deceased workman nor as a member of his family, if she shall have for more than six months willfully or voluntarily deserted or aban-*

McCormick *et al.* v. Coal & Coke Co.

*doned him prior to the date of his death; and a husband, whether he be capable of wage earning or not, shall not, within the meaning of this section, be regarded as a dependent of his deceased wife, nor as a member of her family, if he shall have for more than six months willfully or voluntarily deserted or abandoned her prior to the time of her death.* (L. 1911, ch. 218, § 9 [with italicized portion added by amendment] L. 1917, ch. 226, § 2.)" (R. S. 44-508.)

"The amount of compensation under this act shall be . . . 2 (*a*) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three times his average yearly earnings, computed as provided in section 4 of this act, but not exceeding thirty-eight hundred dollars ($3,800) and not less than fourteen hundred dollars ($1,400) . . . (*b*) If a workman does not leave any such dependents, but leaves dependents in part dependent on his earnings, such proportion of the amount payable under the provisions of paragraph 2 (*a*) of this section as may be agreed upon or determined to be proportionate to the degree of dependency of the said dependents. (*c*) If a workman does not leave any dependents, the reasonable expense of his burial, not exceeding one hundred and fifty dollars ($150). (*d*) *Marriage of any dependent shall terminate all compensation of such dependent, but shall not affect the compensation allowed other dependents. When any minor dependent, not physically or mentally incapable of wage earning shall become eighteen (18) years of age, such compensation shall cease.* (L. 1911, ch. 218, § 11, [with italicized portion added by amendment] L. 1913, ch. 216, § 5.)" (R. S. 44-510.)

"Where death results from the injury and the dependents of the deceased workman as herein defined, have agreed to accept compensation, and the amount of such compensation and the apportionment thereof between them has been agreed to or otherwise determined, the employer may pay such compensation to them accordingly (or to an administrator if one be appointed) and thereupon be discharged from all further liability for the injury. Where only the apportionment of the agreed compensation between the dependents is not agreed to, the employer may pay the amount into any district court having jurisdiction, or to the administrator of the deceased workman, with the same effect. Where the compensation has been so paid into court or to an administrator, the proper court, upon the petition of such administrator or any of such dependents, and upon such notice and proof as it may order, shall determine the distribution thereof among such dependents. Where there are no dependents, medical and funeral expenses may be paid and distributed in like manner. (L. 1911, ch. 218, § 14.)" (R. S. 44-513.)

"Where death results from injury, the action shall be brought by the dependent or the dependents entitled to the compensation or by the legal representative of the deceased for the benefit of the dependents as herein defined; and in such action the judgment may provide for the proportion of the compensation to be distributed to or between the several dependents; otherwise such proportion shall be determined by the proper probate court. . . . (L. 1911, ch. 218, § 36.)" (R. S. 44-534.)

"The cause of action shall be deemed in every case, including a case where death results from the injury, to have accrued to the injured workman or his dependents or legal representatives at the time of the accident. . . . (L. 1911, ch. 218, § 37.)" (R. S. 44-535.)

44—117 Kan.

Appellant contends: (1) that under our statute compensation should be apportioned among dependents in accordance with the law of descents and distributions, (2) that who are dependents, and the portion of compensation to which each dependent is entitled, should be determined as of the date of the fatal accident to the workman, and (3) that upon the marriage of any dependent, or when any minor dependent (physically and mentally sound) reaches the age of 18, such dependent shall cease receiving compensation, and the unpaid portion of the compensation apportioned to such dependent shall not be paid to anyone.

The portions of the statute above quoted, as enacted in 1911 (omitting consideration for the present of the amendments), are substantially like the English workmen's compensation act of 1906 (6 Edw. VII, C. 58), and should receive the same construction. Dependents must be "members of the family" of the deceased workman, as that term is defined in the statute (R. S. 44-508), but who are dependents in a given case, and the extent of the dependency, whether wholly or partial, of any person who is within that class of persons defined by the statutes as "members of the family" is a question of fact. (*Hodgson v. The West Stanley Colliery*, [1910] A. C. 229; *Potts v. Niddrie & Benhar Coal Co.*, [1913] A. C. 531; *Littleford v. Connell*, 3 B. W. C. C., 1; *Brooke v. Henry Lodge, Ltd.*, 10 B. W. C. C., 574; *Healy v. Reilly*, 10 B. W. C. C., 744.)

A surviving spouse may be wholly dependent, or may have employment, or a separate income, or be living apart from the workman, so as to be only partially dependent, or not dependent at all, and these things might be true of a child, or of any other person named in the statute. Hence, the dependency of any individual "member of the family" of the deceased workman is either wholly or partial (R. S. 44-510). Wholly dependent, means full, complete dependence, that the individual has no consequential source or means of maintenance other than the earnings of the workman. Partial dependence may vary in degree from wholly dependent on the one hand to wholly independent on the other; and may apply to any individual "member of the family" of the workman, who has some substantial source of maintenance other than the wages of the workman. Such partial dependent is entitled, under R. S. 44-510, to receive such proportion of the amount of compensation payable "as may be agreed upon or determined to be proportionate to the degree of dependency." The question of the degree of dependency, naturally, is a question of fact in each case.

McCormick *et al.* v. Coal & Coke Co.

Under the statutes of some of the states, the widow and children are "conclusively presumed" to be wholly dependent. Under such statutes, when the designated relationship to the deceased is shown, the individuals are by virtue of the statutes wholly dependent, but that is not true under the English statutes, nor under our statute.

Appellant cites *Texas Employers' Ins. Ass'n v. Boudreaux,* 231 S. W. 756 (Tex.), and other Texas cases, but the Texas statute specifically provides that compensation shall be apportioned among dependents in accordance with the law of descents and distribution. Our statute makes no such provision, but on the other hand provides that compensation be paid to dependents. Since the liabilities imposed upon the employer and the benefits created for the workman, and for his dependents, by the workmen's compensation act are purely statutory, construction of the specific provisions of the statutes of other states is not applicable in this state unless the statutes are the same. Appellant cites *Taylor v. Sulzberger & Sons Co.,* 98 Kan. 169, 173, 157 Pac. 435. The only question there decided was whether an adult married son, who maintained a home of his own, was dependent upon his mother, who lived apart from him. The son's claim was denied. Appellant also cites *Gilliland v. Zinc Co.,* 112 Kan. 39, 209 Pac. 658, but there a provisional apportionment made by the trial court between a widow and minor children, which was not specifically contested on appeal, was permitted to stand without definite approval. Appellant calls our attention to the provisions of R. S. 44-513 and 44-534, that payment may be made to an administrator of the deceased; that suit may be brought by his personal representative, or by the dependents, and in such action the judgment may provide for apportionment of compensation among dependents, or by the proper probate court, and argues that these provisions indicate that the distribution shall be made according to the law of descents and distribution. Some force would attach to this contention but for the provisions in the statute that the payment must be made to dependents, as defined by the statute, some of whom would not take under the law of descent. The result is, whatever tribunal passes upon the apportionment of compensation for a fatal accident must apportion it among dependents as defined by the statute and in accordance with the facts of the case as to who are dependents, and the extent of their respective dependency. It is not determined by the law of descents and distribution.

Appellant next argues that who are dependents, and the portion of compensation to which each is entitled, should be determined as of the date of the fatal accident to the workman. For the purposes of this case that may be regarded as correct, though perhaps it would not be correct in all cases, such as a change in dependency within the period between the accident and the death, or the birth of a posthumous child, but no such question is in this case. Under the English statute and under our statute (R. S. 44-513) when compensation is payable because of the death of a workman, and the amount of the compensation is agreed upon, or determined, the employer is concerned only with the question of whether or not there are dependents. If there are no dependents the employer pays the burial expenses, not exceeding $150. If the workman leaves dependents wholly dependent, the employer pays the compensation provided by the act (R. S. 44-510); if there are no persons wholly dependent, but there are persons partially dependent, the employer may be concerned with the apportionment of compensation among them, for that may have a bearing upon the amount or portion of the compensation to be paid. But when there are persons wholly dependent, the employer is not concerned with the number of them, whether one or a dozen, nor with the relation they bear to the workman, whether surviving spouse or children, or any of the other "members of the family" whom the statute (R. S. 44-508) defines as dependents, for these matters neither increase nor decrease the sum the employer is required by the statute to pay. The status of the employer to pay compensation and of those wholly dependent (whatever their number be) jointly or collectively to receive compensation is fixed by the death of the workman (R. S. 44-513, 44-534, 44-535; *Smith v. Boiler Works Co.*, 104 Kan. 591, 180 Pac. 259), and the dependents, jointly and collectively, or the legal representative of the deceased workman may bring an action therefor. "In such action the judgment may provide for the proportion of the compensation to be distributed to or between several dependents" (R. S. 44-534), but whether that is done, or what apportionment is made among persons wholly dependent, is of no concern to the employer. And it has been held that the employer cannot appeal from an apportionment among dependents wholly dependent, because it is a matter which does not concern him. (*Harland & Wolff v. Radcliffe*, 2 B. W. C. C. 374; *Rhodes v. Soothill Wood Colliery Co., Ltd.*, 2 B. W. C. C. 377; *Janes's Case*, 217 Mass. 192.) But be-

McCormick *et al.* v. Coal & Coke Co.

cause the amount of compensation and the dependent, or dependents, entitled to receive it are fixed upon the death of the workman, it does not follow that the apportionment between dependents wholly dependent (if such apportionment is made, and most frequently it was not made) must remain fixed. It is subject to change should changed conditions require it (*Ivey v. Ivey*, 5 B. W. C. C. 279; *Dunnigan v. Coal Co.*, 115 Kan. 57, 229 Pac. 109), just as the award to an injured workman may be modified if changed conditions warrant it, though perhaps the occasions are not so frequent.

So far we have considered this case as though the amendments, now a part of R. S. 44-508 and 44-510 (italicized as printed herein), had not been made. It remains to consider the modification wrought upon the statute by these amendments. Remembering that dependency, under the statute as originally enacted, was a question of fact to be determined or agreed upon in each case, and when once determined was subject to modification upon change of conditions which required it, the amendment incorporated in R. S. 44-508 simply fixed some statutory rules for determining dependency, and the amendment incorporated in R. S. 44-510 fixed some statutory rules as to when dependency which once existed ceases. The statute as a whole is not otherwise modified by these amendments. The amount of compensation to be paid remains the same. The right of the legal representative of the deceased workman, or of his dependents, to bring an action for compensation upon the death of the workman is not modified. The right of those wholly dependent, without regard to their number, to receive the entire compensation is not disturbed. But appellant calls our special attention to the wording of the amendment in R. S. 44-510, "marriage of any dependent shall terminate all compensation to such dependent, but shall not affect the compensation allowed other dependents." And it is argued that the word "affect" means change, to increase or diminish; hence the phrase means that the marriage of any dependent shall not increase or diminish the compensation to be paid other dependents, and therefore the employer may retain what would have been paid to the dependents who married had the marriage not taken place. By this reasoning the employer becomes the financial beneficiary of the married dependent, and the industry is relieved of a part of its obligation, under its statutory contract with the workman, to those wholly dependent upon him, though there are still persons in that class of wholly dependents. The ordinary mean-

ing of "affect" is to change, increase or diminish; but in a statutory enactment containing a provision that it "shall not affect" a certain class of persons, it is held to mean that the enactment shall not affect the designated class injuriously. (*Ryan et al. v. Carter et al.*, 93 U. S. 78; *Baird v. St. Louis Hospital Ass'n*, 116 Mo. 419, 427.) That is the sense in which it is used here, though perhaps either meaning will produce the same result. Now let us consider the application of this amendment to the plaintiffs in this case. They are two minor children of the deceased workman, and were wholly dependent upon him at the time of his accidental death. That is agreed. They were, and still are, members of that class of persons entitled to receive under the law the full amount of compensation, and they were entitled to receive the full compensation, if they were the only persons wholly dependent. That right is not affected by the marriage of some other dependent, or at any rate not injuriously affected. It still remains notwithstanding the marriage of another dependent. The result is the marriage of a dependent causes that person to cease to be a dependent, within the meaning of the law— to step out of the class of persons designated by the statute as dependents of a deceased workman—but it does not change the amount of compensation to be paid nor the right of other persons, dependents of the deceased workman, and within the class of those wholly dependent, to receive it. And this was the judgment of the trial court.

One other question remains to be considered. Appellant contends that the district court had no authority to modify the findings and conclusions of the arbitrator. The review was predicated upon the ground of gross inadequacy, which is one of the grounds of review authorized by statute (R. S. 44-528).

The judgment of the court below is affirmed.