No. 39,486

VENITA FAE PETERS, individually and as natural guardian of JANIS KRISTINE PETERS, a minor, *Appellants*, v. NORMA JEAN PETERS, guardian for LAVONA LOU PETERS, JAMETTA LEE PETERS and TERRY GENE PETERS, minors; HAZEL PETERS, guardian of JAMES HOWARD PETERS, HELEN JOANNE PETERS, CLINTON LEON PETERS, ROBERT EUGENE PETERS and GERALD LEE PETERS, minors; R. E. MATTISON & COMPANY; U. S. FIDELITY & GUARANTY COMPANY, *Appellees*.

(276 P. 2d 302)

Opinion filed November 18, 1954.

*Marvin E. Thompson,* of Russell, argued the cause, and *George W. Holland,* and *A. K. Shearer,* both of Russell, were with him on the briefs for the appellants.

*Neil Hotchkiss,* of LaCrosse, argued the cause and was on the briefs for the appellees, Norma Jean Peters, guardian of Lavona Lou Peters, Jametta Lee Peters and Terry Gene Peters, minors.

*Ray McCombs,* of Ness City, argued the cause and was on the briefs for the appellees, Hazel Peters, guardian of James Howard Peters, Helen Joanne Peters, Clinton Leon Peters, Robert Eugene Peters and Gerald Lee Peters, minors.

The opinion of the court was delivered by

PARKER, J.: This is a workmen's compensation case. Neither the employer nor the insurance carrier is questioning the amount of the award, and the distribution thereof to be made among dependents of the deceased workman is the only issue on appeal.

James Oliver Peters was accidentally electrocuted on January 20, 1953, in Ness County, Kansas, while in the performance of services arising out of and in the course of his employment with R. E. Mattison & Company, whose insurance carrier was U. S. Fidelity & Guaranty Company. Following his death, and within the time provided by statute (G. S. 1949, 44-520a), claims were filed by three groups of persons, claiming to be his dependents, as follows:

Hazel Peters, as natural guardian of James Howard Peters, Helen Joanne Peters, Clinton Leon Peters, Robert Eugene Peters and Gerald Lee Peters, minors, appellees herein.

Norma Jean Peters, guardian of Lavona Lou Peters, Jametta Lee Peters and Terry Gene Peters, minors, appellees herein.

Venita Fae Peters, individually and as guardian of her unborn minor child (such child having been born pending the hearing of the claims and appearing herein as Janis Kristine Peters), appellants herein.

The facts essential to a proper understanding of the involved issue will be based on uncontroverted evidence introduced before the Workmen's Compensation Commissioner at the hearing on the claims and can be stated thus:

Hazel Peters is the former wife of the decedent and the guardian of their five minor children. Decedent, under a divorce decree, dated September 13, 1943, was ordered to pay child support money

to her, which support was paid sporadically. The four youngest children of this marriage are:

Helen Joanne Peters, born June 4, 1935;

Clinton Leon Peters, born February 15, 1937;

Robert Eugene Peters, born February 16, 1939;

Gerald Lee Peters, born July 11, 1942.

Norma Jean Peters is the former wife of decedent, pursuant to their marriage on October 18, 1943, and their divorcement in the District Court of Rush County, Kansas, on September 3, 1952. Three minor children of this marriage survived, their names and date of birth being as follows:

Lavona Lou Peters, born September 16, 1943;

Jametta Lee Peters, born December 10, 1947;

Terry Gene Peters, born April 21, 1949.

Venita Fae Peters was married to the decedent in Lamar, Missouri, on December 4, 1952, and at the time of his death, she and decedent were living together as husband and wife in Bazine, Kansas. Decedent was supporting himself and Venita. On the date of his death, Venita was pregnant with his child, conceived during this relationship, such child being born in July, 1953. During such relationship, she received no income or support other than that furnished by decedent and the expected child had no income or means of support other than that which would have been furnished by its father, but for his death. Prior to December 4, 1952, Venita had never been married and at the time of the hearing was twenty-one years of age.

During the hearing the Commissioner found "The questions at issue are who are the dependents, the degree of dependency, whether or not there is to be an apportionment, and the amount of any apportionment."

At the close of the hearing the Commissioner, in an award filed August 18, 1953, found and held that Venita Fae Peters was the legal widow of the decedent; that she and her unborn child, together with the three minor children of Norma Jean Peters, and the four youngest children of Hazel Peters, were all dependents of James Oliver Peters; that such persons were all wholly dependent upon him at the time of his death; and that the insurance amounting to $6,000, should be apportioned $1,500 to the four youngest children of Hazel; $1,500 to Norma Jean's children; and $3,000 to Venita and her unborn child.

Norma Jean Peters, as guardian, appealed from the foregoing award to the district court of Ness County in conformity with the statute (G. S. 1949, 44-556), by filing her notice of appeal with the Commissioner within twenty days after the rendition of his decision. Hazel Peters, as guardian, also gave notice of appeal from such award to the same district court. However, the records in the Commissioner's office show such notice was filed in the office of that official on September 9, 1953, which, it is to be noted, was more than twenty days after the date of the decision.

After the foregoing notices of appeal had been filed with the Clerk of the District Court of Ness County by the Commissioner, as required by statute, Venita Fae Peters, individually and as guardian of Janis Kristine Peters, the posthumous child of the decedent, filed a motion to dismiss the appeal of Hazel Peters, as guardian, for the reason it had not been filed within the time required by statute. The district court heard this motion, overruled it, and then proceeded to hear the merits of the cause on the evidence presented to the Workmen's Compensation Commissioner, and additional stipulations by the parties as follows:

1. That the only questions before the court were: (a) Whether Venita Fae Peters is the legal widow of James O. Peters, the deceased workman. (b) What apportionment of the insurance proceeds is to be made.

2. That a daughter, Janis Kristine Peters, was born to Venita Fae Peters on July 20, 1953.

3. That the findings of fact of the Workmen's Compensation Commissioner as related under the heading Summary of Evidence in the Award on file herein were true.

In connection with the stipulation last above mentioned we pause to note and point out that the factual statement, heretofore set forth in the opinion, includes all findings of fact made by the Commissioner deemed necessary to a disposition of the appellate questions involved.

Following the hearing on the merits the court took the cause under advisement. Subsequently it rendered its decision and award, evidenced by its journal entry of judgment which, so far as it relates to persons found to be dependents and amounts of compensation to be apportioned among them, reads:

"Thereupon, and on the 4th day of February, 1953, the court announces its decision and finds that the marriage of the claimant Venita Fae Peters and the decedent, James O. Peters, entered into at Lamar, Missouri, on December 4,

1952, was a valid marriage in the State of Missouri, but that said marriage is void in the State of Kansas and that the said Venita Fae Peters is not the legal widow of James O. Peters, deceased, for the reason that said decedent and his former wife were divorced in Rush County, Kansas, by decree rendered September 3, 1952, and that the finding of the Workmen's Compensation Commissioner that Venita Fae Peters is his legal widow is therefore disapproved.

"The court further finds that the award of compensation herein made by the Commissioner should be changed to award the insurance proceeds to the claimants as follows:

"To Venita Fae Peters, guardian, (for Janis Kristine Peters, the daughter of James O. Peters and Venita Fae Peters), $1700.00, payable  . . .

"To Hazel Peters, guardian of Helen Joanne Peters, Clinton Leon Peters, Robert Eugene Peters and Gerald Lee Peters, minors, the sum of $1600.00, payable  . . .

"To Norma Jean Peters, guardian of Lavonna Lou Peters, Jametta Lee Peters and Terry Gene Peters, minors, the sum of $2700.00, payable  . . ."

An appeal from the foregoing judgment, perfected by Venita Fae Peters for herself individually and the infant, Janis Kristine Peters, is here on proper specifications of error and will now be given attention.

Appellants' first contention, the trial court erred in overruling the motion to dismiss the appeal taken by Hazel, as guardian, from the Commissioner's award, is easily disposed of. Assuming, but not deciding, the notice of appeal she mailed to the Commissioner was not filed in his office within twenty days after the rendition of his decision in conformity with the statute (44-556), does not mean the trial court committed error in overruling the motion. It is conceded the appeal perfected by Norma Jean on behalf of her children was filed within time. This appeal challenged the findings made by the Commissioner with respect to the status of Venita Fae' as the legal widow of the decedent and the apportionment to be made of the insurance proceeds among the persons who were dependents of the decedent on the date of his death. In fact the parties stipulated those were the questions to be determined by the district court. In that situation any order made by the district court changing the Commissioner's decision as to dependents necessitated reapportionment of the compensation insurance to which such dependents were entitled and the statute (G. S. 1949, 44-513) required that it be made. Under such circumstances no prejudice resulted to appellants by the overruling of the involved motion and it cannot be successfully argued the trial court committed any reversible error in doing so.

Two of appellants' specifications of error assume arguendo the correctness of the district court's decision respecting dependents of the deceased but challenge the apportionment made among his living children, including his posthumous child.

In approaching consideration of questions raised by these specifications of error it is well to keep in mind, as all parties concede, (1) that under our Workmen's Compensation Act (See, e. g., G. S. 1949, 44-508 [*j*]) children, wholly or in part dependent upon a workman covered by the terms of the act at the time of his death, are members of his family and entitled to participate in the benefits of his compensation insurance; and (2) that under our statute (G. S. 1949, 23-124) Janis Kristine Peters is the legitimate child of her parents and therefore entitled to a proportionate share of the compensation award.

Specifically, the gist of arguments advanced in support of the foregoing claims of error is that the apportionment made to the children of Hazel and Norma Jean is excessive because the trial court erred in determining the degree of dependency of their children. In the face of a record clearly reflecting the findings of the trial court on this subject are based on conflicting evidence these arguments and the contentions on which they are founded require little, if any, attention. This court is committed to the rule that the degree of dependency in a Workman's Compensation case is a question of fact (See *McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071; *Routh v. List & Weatherly Construction Co.*, 124 Kan. 222, 229, 257 Pac. 721; *Tisdale v. Wilson & Co.*, 141 Kan. 885, 891, 43 P. 2d 1064; *Wade v. Scherrer & Bennett Const. Co.*, 143 Kan. 384, 386, 54 P. 2d 944.), and universally holds (See *Shue v. LaGesse*, 173 Kan. 309, 245 P. 2d 966; *Burton v. Western Iron and Foundry Co.*, 173 Kan. 506, 249 P. 2d 688; West's Kansas Digest, Workmen's Compensation, §§ 1940, 1969; Hatcher's Kansas Digest, [Rev. Ed.], Workmen's Compensation, § 153), that since its appellate jurisdiction in such cases is limited to questions of law under the statute (G. S. 1949, 44-556), it will not disturb findings of such character made by the district court when there is any evidence to sustain them.

The question raised by appellants remaining specifications of error is whether the district court's finding and judgment, that Venita Fae Peters, to whom in the interest of brevity we shall hereinafter refer as appellant, was not the legal widow of James O.

Peters and therefore not entitled to participate in the compensation due and payable as a result of his death, was erroneous. This, it may be stated, is conceded by all parties to be the paramount question involved on appellate review and it must, of course, be determined in the light of the existing facts and statutes.

An analysis of the record reveals the decisive facts are not in controversy. James O. Peters was divorced from his former wife (Norma Jean) in Rush County, Kansas, on September 3, 1952. Approximately three months later he and the appellant left Kansas for Missouri where they entered into a marriage ceremony on December 4, 1952, and then returned to Kansas where they lived together as husband and wife until the date of his accidental death on January 20, 1953. Further facts requiring specific attention are that the Missouri ceremony was performed, and the date of decedent's death occurred, within six months of the divorce decree above mentioned at a time when there was in full force and effect in this state a statute prohibiting the marriage of divorcees within six months from the date of their divorce decree and fixing their marital status if they remarried within that period which, for all purposes here pertinent, reads:

". . . it shall be unlawful for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement; . . . and every person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage be absolutely void." (G. S. 1949, 60-1512.)

Due to the nature of contentions advanced by appellant, and since her right to appellate relief, if any, stems from our Workmen's Compensation Act, the controlling statute involved is G. S. 1949, 44-508, wherein dependents entitled to recover compensation under the terms of such act are defined. So far as pertinent this statute, amended in 1927 to include for the first time the word "legal" before the word "widow," reads:

"(j) 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means only legal widow or husband, as the case may be, . . ."

The first contention appellant makes on the all important question now under consideration is that the term "legal widow" as used in G. S. 1949, 44-508, was intended to encompass the surviving wife of a valid marriage entered into under the laws of Missouri. So far as questions hereinafter considered are concerned it may be conceded

Missouri has no statute such as Kansas and marriages entered into in that state within six months from the date of a divorce decree are there recognized as valid. Even so, let us see whether appellant's position on the point now under consideration, and others to be presently discussed, can be upheld.

At the time the statute in question was amended in 1927 to include the word *legal* the legislature knew or was bound to know of the existence of 60-1512, above quoted, also that in *Westerman v. Westerman,* 121 Kan. 501, 247 Pac. 863, this court had given some indication of its view respecting the force and effect to be given such statute by the following statement:

> "The statute making it unlawful for either party to a divorce decree to marry within six months, declaring such marriage to be 'absolutely void,' and punishing the party contracting such marriage as guilty of bigamy, was enacted 1889. (Laws 1889, ch. 107, §§ 6, 7.) To permit a divorcee to hasten to Kansas City, or Omaha, or Denver, or Oklahoma City, marry there, and then return to Kansas as lawfully wedded, is not consonant with the spirit of the statute, and it is conceivable the legislature intended such a marriage should be absolutely void, even although it did not in express terms declare that a marriage contracted in evasion of the laws of this state shall not be given effect. . . ." (p. 505.)

In view of the foregoing situation we have difficulty in concluding, as the appellant contends, the legislature intended to enlarge the scope of 44-508(*j*) by adding the word "legal" thereto. Rather we are inclined to the view that by that action its intention was to limit the scope of such statute so that it would definitely conform to the clear and unequivocal provisions of an existing statute (60-1512) founded on public policy. Of a certainty it meant something by inserting the word "legal" ahead of the word widow. Otherwise why the occasion for amending the statute in that particular? We are convinced that by so doing it is only logical to conclude it meant the words "legal widow" as then and now used in our Workmen's Compensation Act to have reference to a woman who, on the date of the death of her husband, was married to him by a marital contract recognized as valid under the laws of the state of Kansas. This conclusion, in our opinion, is fortified and finds support in *Freeman v. Fowler Packing Co.,* 135 Kan. 378, 11 P. 2d 276, where it is held:

> "A woman claimed compensation for death of her husband, which occurred on September 13, 1930. She was divorced from a former husband on March 22, 1929. On April 5, 1929, she married the workman, contrary to the statute providing that marriage within six months after divorce is bigamous and void.

After expiration of the six months' period she and the workman continued to live together as husband and wife, and they were so living together at the time of his death. *Held,* the claimant was the 'legal widow' of the workman, within the meaning of R. S. 1931 Supp. 44-508(*j*)." (Syl ¶ 1.)

And in the opinion, with reference to the status of the involved marriage and the purpose of the same amendment to 44-508, said:

"The result is, the formal marriage of Thelma and Benson Freeman was void . . .

". . . Under these circumstances, the court conceives the purpose of the amendment to have been to deny compensation to any survivor who cannot show a marriage which the law recognizes, and to deny compensation to the survivor of a marriage contracted according to formal legal requirements, but in fact of no legal effect. A marriage declared by statute to be incestuous, as between first cousins, is an example. Another example is the marriage of Thelma and Benson during the period within which the law did not recognize it as valid for any purpose. This interpretation gives to the word 'legal' a meaning not merely technically correct, but correct according to approved usage in lay speech (R. S. 77-201, *Second*), allows scope for operation of the statute, and avoids undue severity of result in application." (pp. 379, 380.)

Thus it appears in the Freeman case, that if the workman had died within the six months' period, this court would have denied recovery to the woman there involved on the basis she was not his legal widow, within the meaning of that term as used in the statute. The fact, as is pointed out, the marriage ceremony was performed in Kansas affords no sound basis for distinguishing the foregoing case from the one at bar. The opinion makes no such distinction. Neither does our statute. As we analyze the case the result reached, insofar as it pertains to the force and effect to be given our Workmen's Compensation Act, and in particular 44-508(*j*), would have been the same if the marriage ceremony had been performed in Missouri.

The conclusions heretofore announced, based on legislative intent as to the import to be given to the term "legal widow" as used in the Workmen's Compensation Act of this state, not only require that we uphold the trial court's findings and judgment but make it unnecessary to discuss or determine other interesting questions raised by appellant in her brief respecting the force and effect to be given the provisions of 60-1512 in other situations where such Act is not involved.

The judgment is affirmed.