No. 43,470

JAMES RAY THOMAS, a Minor, by GEORGIA MAE ENGLAND, his Mother (James William Thomas, Deceased), *Appellee*, v. JAMES A. BONE, d/b/a Art's Water Service, and EMPLOYERS MUTUAL CASUALTY COMPANY, *Appellants*.

(381 P. 2d 873)

Opinion filed May 11, 1963.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner,* of Great Bend, was with him on the briefs for the appellants.

*Hugh D. Mauch,* of Great Bend, argued the cause, and *Melvin O. Nuss, Vernon L. Nuss,* and *Leonard A. Birzer,* all of Great Bend, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by a respondent employer and his insurance carrier (hereafter referred to as respondents) in a workmen's compensation proceeding from the judgment of the district court awarding claimant compensation benefits, and from all findings, rulings, and orders of that court, particularly the finding, ruling, and order that claimant was wholly dependent upon his deceased father, the workman, for support.

In brief, the facts are that the workman was killed on December 8, 1959, while operating respondents' truck when the truck was struck by a train. The workman and the mother of claimant had been divorced on September 24, 1951, and claimant's custody had been given to the mother with a support order requiring the father to pay $15.00 per week for the support of claimant. The mother remarried and claimant lived with her and his stepfather.

The sole question presented for appellate review is whether the trial court erred in holding claimant was wholly dependent upon his deceased father for his support. The record shows that all support payments were not made by the father and that part of claimant's necessities were provided by his stepfather even though the stepfather had never adopted or assumed any legal responsibility for the support of claimant. At the time of the hearing before the examiner on June 20, 1961, claimant was eleven years of age.

The evidence showed the father had other children but they did not then and are not now making any claim as dependents. During the stepfather's service in the armed forces, he had declared claimant as a dependent and the mother received the usual allotment. The examiner found claimant was wholly dependent upon his deceased father and entered an award against the respondents for $10,452.

Respondents appealed to the district court and argued one point there they likewise urge in this appeal which was that the proper procedure was not followed by the examiner in getting all possible interested parties on notice and present at the hearing. Respondents also argued that since claimant was service-listed dependent of the stepfather, he cannot now claim to be totally dependent upon his father. The trial court in its memorandum decision of December 6, 1962, stated the above matters were not issues in the case and that there was adequate proof of the legal obligation of the father to support claimant, which obligation was accompanied by both actual support and *"reasonable expectation of future support."* (Our emphasis.) The legal obligation and reasonable grounds upon which to expect continuing or future support from the father, in the opinion of the trial court, were sufficient upon which to predicate a finding of total dependence of the son upon the wages of the father. The finding of the trial court was that claimant had no other person than his father who was under a legal duty to support him. The contribution of the stepfather was voluntary in law since he had no legal obligation to provide for claimant's support and he could withdraw his support at any time whereby the child could have no legal action or complaint. The legal right of support from the hands of the father was an effective and valuable legal right and there was no legal difficulty in the way of enforcing it. These were the ap-

proximate findings of the examiner, they were approved by the workmen's compensation director, and such findings and award of the director were affirmed and adopted in their entirety by the district court subject to recomputation by that court. In its journal entry of judgment the trial court restated the above and entered an award of compensation in favor of claimant against respondents for $10,452. Respondents' objections were heard and considered and the journal entry of judgment was approved by the trial judge as drawn.

Respondents have the burden here of showing the trial court erred in its determination claimant was totally dependent upon his deceased father. They contend the question of total dependency is the concern of this court because other states have held that where no conflict exists in the evidence, the question of fact of total dependency becomes one of law only. However, they fail to cite any cases where this court has ever so held. On the contrary the following basic rule appearing in the opinion in *McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071, written in 1925, has never been seriously challenged:

"The question of the degree of dependency, naturally, is a question of fact in each case." (p. 690.)

Our continuing rule has been that if the evidence supports the finding of the trial court in regard to dependency, this court will not disturb such finding on appeal.

Both parties comment upon the case of *Wade v. Scherrer & Bennett Const. Co.*, 143 Kan. 384, 54 P. 2d 944, containing a detailed discussion on the subject of dependency and wherein may be found the following appropriate statement:

"The law makes the support of the child the duty of the parents, particularly of the father. The natural dependency is as strong or stronger than the legal dependency, but both exist." (p. 393.)

The Wade case was cited with approval and followed in *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 138 P. 2d 463. In the later case of *Peters v. Peters*, 177 Kan. 100, 276 P. 2d 302, where the trial court found that the daughter of decedent was the legitimate child of the parents and therefore entitled to a proportionate share of the compensation award, this court, in affirming the trial court's award, stated:

"This court is committed to the rule that the degree of dependency in a Workman's Compensation case is a question of fact [citations], that since its

appellate jurisdicition in such cases is limited to questions of law under the statute (G. S. 1949, 44-556), it will not disturb findings of such character made by the district court when there is any evidence to sustain them." (p. 105.)

The above are not all of the cases cited by the parties in this appeal but we think they are sufficient to determine the matter before us. We believe the trial court's determination that claimant was totally dependent upon his father had ample evidence to support it and the claim of respondents to the contrary was not supported by the authorities cited. There may have been some other evidence upon which the trial court could have made other findings but that is not our present concern in view of all that has been stated herein.

Judgment affirmed.