No. 45,782

PEGGIE M. RICHARDSON, widow, *Appellee,* and WARREN I. RICHARD-
SON, a minor, by ANN M. RICO, mother, *Appellant,* v. ROBERT
DRUMMOND TRUCKING, Respondent, and BITUMINOUS CASUALTY
CORPORATION, Insurance Carrier.

(461 P. 2d 754)

Opinion filed December 6, 1969.

*Edmond L. Kinch,* of Wichita, argued the cause and was on the brief for the appellant.

*Ronald Barta,* of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: At issue here is distribution of a workmen's compensation award between the dependents of a deceased workman. The contestants are the widow and a minor child born of a previous marriage.

The workman, Warren Emery Richardson, was accidentally killed November 28, 1967, while in respondent's employ. Claim for compensation was duly made by his widow and by the minor child. All issues essential to recovery of compensation except those of dependency were stipulated favorably to the claimants.

The evidence upon the disputed issue revealed the following:

Warren I. Richardson, appellant herein, is a son of decedent by a previous marriage with Ann M. Rico, having been born March 27,

1954. Decedent and Ann were divorced December 9, 1959, in Roswell, New Mexico. Appellant's custody was granted to Ann. The divorce decree provided that decedent should pay $30.00 per month toward appellant's support. Ann married her present husband, Angel L. Rico, on December 23, 1959. Decedent was then in the United States Air Force. By means of a service allotment he commenced making the $30.00 support money payments and continued them until his retirement from the air force in November, 1965. Thereafter, he was having financial difficulties and, with Ann's consent, he made only insignificant payments toward appellant's support. Appellant was supported by his mother and stepfather. Decedent did arrange for service benefits to be paid appellant in the event of his death. During the time the $30.00 monthly payments were received, they were not sufficient to take care of appellant's needs and additional provision had to be made by Ann and her husband.

Appellee Peggie M. Richardson married decedent March 18, 1965, and remained his wife until his death November 28, 1967. She had never been employed and had no other source of income while married, being dependent upon decedent for her support.

Based upon the foregoing the examiner found the widow was a wholly dependent person within the meaning of the workmen's compensation law and that the minor was a partially dependent person and, pursuant to the workmen's compensation director's rule 51-10-4, he awarded full compensation to the widow with nothing to the minor. These findings and the award were approved by the director and upon appeal were adopted by the district court and incorporated in its judgment. The minor has appealed to this court.

The director's rule 51-10-4 provides in part:

"Where there are both wholly dependent persons and partially dependent persons, the wholly dependent persons are entitled to all compensation due to the complete exclusion of the partially dependent persons."

Appellant does not challenge this rule nor its application to the facts found. His sole contention is that the trial court erred in failing to find he was a wholly dependent person within the meaning of the compensation law and in failing to order an apportionment of the award between him and appellee.

K. S. A. 44-508, as amended, sets forth the following definition:

"(*j*) 'Dependents' means such members of the workman's family as were wholly or in part dependent upon the workman at the time of the accident. 'Members of a family,' for the purpose of this act, means only legal widow or husband, as the case may be, and children;  . . ."

K. S. A. 1967 Supp. 44-510 provided:

"The amount of compensation under this act shall be:

.    .    .    .    .    .    .    .    .    .    .

"(2) *Where death results from the injury.* (*a*) If a workman leaves any dependents wholly dependent upon his earnings, a sum equal to three (3) times his average yearly earnings, computed as provided in K. S. A. 44-511, but not exceeding sixteen thousand five hundred dollars ($16,500) and not less than two thousand five hundred dollars ($2,500):

.    .    .    .    .    .    .    .    .    .    .    .

"(*b*) If a workman does not leave any such dependents but leaves dependents in part dependent on his earnings, such percentage of the sum provided for total dependency in paragraph 2 (*a*) of this section as employee's average annual contributions which the deceased made to the support of such dependents during the two (2) years preceding the injury bears to his average annual earnings during a contemporaneous period, during such two (2) years.

"(*c*) The director shall have the power and authority to apportion the compensation allowed under either subsection (*a*) or subsection (*b*) hereof in accordance with the degree of dependency as of the date of the accident. . . ."

Appellant relies upon three of our decisions in contending he should be declared to be wholly dependent upon the deceased workman. The first two were *Wade v. Scherrer & Bennett Const. Co.,* 143 Kan. 384, 54 P. 2d 944, and *Thomas v. Bone,* 191 Kan. 453, 381 P. 2d 373.

In *Wade* a minor daughter of the deceased workman was the only claimant of compensation. The child's parents were divorced and she had been living with her maternal grandparents. The mother had made only inconsequential contribution to the child's support. The father had left the family home prior to the divorce and had made no contribution to the child's support since the divorce. He had later returned to Cowley County, Kansas, where his former wife resided. He was then in poor health and unable to work but he urged a remarriage and made promises to support both his former wife and his daughter when he was able. He had obtained employment for only a short period of time prior to his death but had made no contribution to the daughter. The trial court found there was a reasonable probability the father's obligation of support would have been fulfilled and further found the

daughter was wholly dependent upon the deceased. Upon appeal this court affirmed, reviewing certain authorities and stating:

"These authorities sustain the view that a dependent of a deceased workman, within the meaning of the workmen's compensation law, must be within that class of persons named in the statute as dependents, and must be in fact dependent, in whole or in part, on the workman at the time of the accidental injury which results in death. They also hold that whether one who claims to be a dependent is within the class defined by the statute, and if so whether he was dependent on the workman at the time of his fatal injury, and if dependent whether wholly or in part dependent, and if only partially dependent the degree of dependency, are questions of fact to be determined by the commission or court provided by statute for weighing evidence, passing on credibility of witnesses, and determining the facts in compensation cases. In this state, so far as this court is concerned, the fact-finding tribunal is the district court. Our own decisions, insofar as we have treated the questions, are not out of harmony with the authorities above cited. [Citations.]

"The fact that the workman had not used his wages for the support of the one claiming as a dependent does not necessarily defeat the claim; if so, the workman's child born after his fatal injury would not be a dependent, as they are universally held to be. . . . Neither is compensation as a dependent necessarily defeated by the fact that a minor child of the workman for a time prior to his fatal injury had been temporarily cared for and maintained by charity, or by relatives or friends under no legal obligation to do so. . . . The child, being itself helpless, is by nature dependent on its parents, and particularly on the father, if he is the wage earner. The law makes the support of the child the duty of the parents, particularly of the father. The natural dependency is as strong or stronger than the legal dependency, but both exist. They cannot be ignored, but must be taken into account in determining the ultimate fact, namely, was the child a dependent of the workman at the time of his fatal injury? *Circumstances may exist, certainly can be imagined, in which the trier of facts would be justified in finding—perhaps forced to find— that this natural and legal dependency had no practical value, in fact was worth nothing; hence, to be of no aid in supporting a claim of dependency.* On the other hand, as in this case, the facts may be such as to indicate that this natural and legal dependency would be worth as much to the child, or substantially so, as though the workman, prior to his fatal injury, had been paying from his wages for the support of the child. In effect the commissioner and district court so found. This was a question of fact, and we examine that finding here only to see whether there was substantial competent evidence to support it. . . . There is an abundance of evidence that the workman planned and intended to support claimant as soon as his health and his employment made it possible for him to do so, and on that point there was no conflicting evidence. We cannot say these facts did not justify the finding that the claimant was wholly dependent on the workman, and that this dependency had a practical substantial value." (Emphasis supplied.) (pp. 392-394.)

The *Thomas* case was similar in that a minor child was the only claimant of compensation and the fact-finder held in its favor. The

workman and the child's mother had divorced and the mother had remarried. Part of the child's necessities were supplied by the stepfather. The workman had made some support money payments as ordered in the divorce decree but not all. The trial court found as a fact there were both actual support and reasonable expectation of future support on the part of the workman and it held the minor was wholly dependent upon the workman. This court affirmed saying:

"Our continuing rule has been that if the evidence supports the finding of the trial court in regard to dependency, this court will not disturb such finding on appeal." (p. 455.)

The court also commented:

"There may have been some other evidence upon which the trial court could have made other findings but that is not our present concern in view of all that has been stated herein." (p. 456.)

Thus both *Wade* and *Thomas* differ from the case at bar in that there was no other claimant to compensation in either of them and the fact-finder, on differing evidence, ruled favorably on the issue of total dependency.

The third case relied upon by appellant is *Carrington v. British American Oil Producing Co.,* 157 Kan. 101, 138 P. 2d 463. Here there were two sets of claimants to compensation—on one side the widow and four children and on the other, two children by a previous marriage. The trial court made an apportionment of compensation between the two sets, finding both to be wholly dependent upon the deceased workman. A third party was supporting the two children from the prior marriage and challenge was made upon appeal to their entitlement to a part of the award. In refusing to disturb the trial court's order this court pointed out the trial court had found that the third party had supported the children under an oral contract with the workman and upon his credit. We have no such situation here.

All our cases declare that whether a claimant is a dependent of a deceased workman is a question of fact and such dependency is to be determined as of the date of the accident (5 Hatcher's Kansas Digest, rev. ed., Workmen's Compensation, § 55). Further refinement of the rule is found in *Peters v. Peters,* 177 Kan. 100, 276 P. 2d 302, in which it was stated:

"The degree of dependency in a workmen's compensation case is a question of fact and findings with respect thereto will not be disturbed on appellate review when there is any evidence to support them." (Syl. ¶ 2.)

This is essentially a fact case. The trial court had before it the evidence adduced by the parties on the factual issue. At the time of the accident the father had contributed nothing to appellant's support for about two years. Appellant was in fact being supported by others during that period. The father had remarried. He was having difficulty meeting his bills. A pattern of nonsupport had been firmly established, a not uncommon practice when divorced persons remarry and establish new families. The trial court had nothing before it to indicate when, if ever, that pattern would be changed. There remained a legal obligation of support but the evidence disclosed nothing to indicate any reasonable expectation it would ever be met.

The trial court may well have considered this case as one of those envisioned by Chief Justice Harvey in *Wade* when he stated:

"Circumstances may exist, certainly can be imagined, in which the trier of facts would be justified in finding—perhaps forced to find—that this natural and legal dependency had no practical value, in fact was worth nothing; hence, to be of no aid in supporting a claim of dependency." (p. 393.)

Appellant had the burden of proof to show he was wholly dependent upon his father at the time of the accident. The trial court found only partial dependency. This, in effect, was a negative finding of fact against the one having the burden of proof upon the issue. We find nothing in the record which would justify us in setting the factual finding aside.

The judgment is affirmed.

APPROVED BY THE COURT