(642 P.2d 573)

No. 53,074

BEVERLY SUE HEGWALD, Guardian and Conservator; CASEY S. HEGWALD, Son; MINDY L. HEGWALD, KERI HEGWALD and MELISSA HEGWALD, Daughters, *Appellees,* v. CLARKSON CONSTRUCTION COMPANY and COMMERCIAL UNION ASSURANCE COMPANIES, *Appellants.*

Opinion filed March 18, 1982.

*Frederick L. Haag,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellants.

*Robert S. Luke,* of Burlington, for appellees.

Before FOTH, C.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: The issue in this case is whether the children of James E. Hegwald were "wholly dependent" on their father's earnings (as required by K.S.A. 44-510b [Ensley]) at the time of his death. That question is one of fact. *Richardson v. Robert Drummond Trucking,* 204 Kan. 385, 390, 461 P.2d 754 (1969). Thus, the question before us is whether the trial court's implied finding that the children were wholly dependent is substantially supported by the evidence.

The parents had been divorced for 18 months when the father died. He had been ordered to pay $200 per month child support, and had made one payment. Mrs. Hegwald had assigned her right to receive the child support payments to the Department of Social and Rehabilitation Services (SRS) from which she was receiving $364 per month. Mr. Hegwald had also paid three months' rent of $160 per month, bought groceries for the children on a weekly basis and, on occasion, had bought them clothing.

Appellants make no contention the children's total dependency is affected by any support from a source other than SRS. The mother was attending a trade school and apparently was financially unable to contribute to the support of the children prior to the death of their father. The father was under a legal obligation

to support the children. Authorities are split as to whether that alone is sufficient to satisfy the "wholly dependent" requirement. 2 Larson, Workmen's Compensation Law § 63.31. Kansas, however, requires something more.

In *Wade v. Scherrer & Bennett Const. Co.*, 143 Kan. 384, 393-94, 54 P.2d 944 (1936), our Supreme Court said that a child's claim for compensation is not necessarily defeated by the child's being supported for a time prior to a worker's fatal injury by relatives or friends or other sources that had no legal duty to do so. The court said a time might arise when a trial court would be justified in finding that the natural and legal dependency had no practical value. It reasoned that, although there could be proof a father was not presently supporting his minor child, the natural and legal dependency had value to the child. Based on evidence that as soon as the father's health and employment permitted he intended to support the child, the Supreme Court affirmed the trial court's finding that the minor was wholly dependent upon the deceased workman. In the case at bar, the father had paid one month's child support and three months' rent; he had purchased clothing and had furnished food as late as the day preceding his death.

In *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 138 P.2d 463 (1943), the Supreme Court affirmed the trial court's finding of total dependency where the children were being cared for by a friend of the deceased father. The father had orally promised to reimburse the friend for expenses incurred in caring for the children, but he had never done so. The court stated: "Independent of the oral agreement of the father . . . to help support the two children by the first marriage, a legal duty to do so rested upon him." 157 Kan. at 106.

In *Thomas v. Bone*, 191 Kan. 453, 381 P.2d 373 (1963), it was argued that a minor child was not wholly dependent on the father. He had not made child support payments as ordered by the trial court in the divorce action, and a stepfather was furnishing the bulk of the child's support. The Supreme Court noted that the stepfather had no legal duty to support the minor child and could withdraw his support at any time. The court stated that the natural father had a legal duty to support the child that could be enforced, and the child had a reasonable expectation of future support. We see no valid difference between the charity of a

relative or a stepfather to support a child and the charity of federal contributions through SRS to temporarily support a child who "[h]as insufficient income or resources to provide a reasonable subsistence compatible with decency and health." K.S.A. 39-709(a)(1).

We have examined the many authorities cited by appellant and believe them to be distinguishable in some instances on the factual findings and in others because they deal with social security payments.

The record reveals a natural and legal obligation on the father to support the children; that absent such support, the children were dependent upon charity; that the father had funds from which he could have supported and, to some extent, did indeed support the minor children. We find substantial competent evidence in the record from which the trial court could have found that the children had a reasonable expectation of support from the decedent's earnings and were wholly dependent upon him for their support at the time of his death.

Affirmed.